SUTTON *v.* STATE.

Opinion delivered November 11, 1899.

LARCENY—UNEXPLAINED POSSESSION.—A conviction of larceny will be set aside where a boy who was in lawful possession of the property when the same was alleged to have been stolen was not called as a witness at the trial, nor any testimony offered as to how possession passed from him. (Page 156.)

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

*Grant Green, R. A. Dowdy,* and *Roberts & Roberts,* for appellant.

There is no proof that appellant acquired possession of the mule by stealing it. There must be a felonious intent, to constitute larceny. Sand. &. H. Dig., § 1694; Bish. Cr. Law, 427. The unexplained possession of the mule, even if it had been proved to have been stolen, was not sufficient. 34 Ark. 443; 43 Ark. 39; 54 Ark. 621; 55 Ark. 244; 58 Ark. 576. The court erred in excluding evidence tending to prove an alibi on the part of defendant. 34 Ark. 720; 33 Ark. 316; 43 Ark. 289; 43 Ark. 99; 12 Ark. 782.

*Jeff Davis, Attorney General,* and *Chas. Jacobson,* for appellee.

The evidence is legally sufficient. 58 Ark. 576; 34 Ark. 443. The statements of defendant's father respecting the alibi were not admissible in evidence. They are not part of the *res gestæ.* 43 Ark. 99; 64 Miss. 329–333; 43 Ark. 289.

BUNN, C. J.   There is no proof that the mule and trappings alleged to have been stolen were in fact stolen.   The boy in lawful possession of the property when the same is alleged to have been stolen was, for some reason unknown to us, not called as a witness in the case, and there is no other testimony as to how possession passed from him.   This testimony is a necessary link in the chain, and should have been produced, if possible, and, if not possible, the proper explanation should have been given, and the next best evidence adduced.

Reversed and remanded.