## LITTLE v. STATE.

### Opinion delivered June 21, 1915.

1. LARCENY—GIST OF THE CRIME.—The gist of the crime of larceny is that the property must be taken with a felonious intent.

2. EVIDENCE—LARCENY—EVIDENCE OF PERMISSION—HEARSAY.—In a prosecution for larceny of an agricultural instrument, it is competent to prove that the owner told a third party that the defendant could take the property, and that the third party communicated to the defendant, what the owner had said; such testimony is not hearsay.

Appeal from Sebastian Circuit Court, Fort Smith District; *John H. Holland,* Special Judge; reversed.

STATEMENT BY THE COURT.

Appellant was indicted, charged with the crime of stealing a cultivator, the property of Olin T. Brewer, alleged to be of the value of $15. The indictment was in correct form. He was convicted of the crime of petit larceny and prosecutes this appeal.

The proof on behalf of the State tended to show that one Brewer owned the cultivator and had owned the same for about six years. He left the cultivator at the place where he had formerly been in the mercantile business, standing out against the yard fence on a vacant lot. It was in good condition when he got it; had never been used; he had not sold the cultivator. He went to get a repair off of the same and it was gone. He saw Jesse Little and said to him: "Jesse, I understand that you got my cultivator and I want you to bring it back home." Jesse told the witness that he wanted the wheels

to make a wheelbarrow to haul fertilizer into the garden. The cultivator was taken in the day time.

This witness was asked the following question: "Q. Mr. Brewer, did Floyd Little have a conversation with you a few days prior to the time the defendant is alleged to have taken the cultivator in which he asked you if he and the defendant could get the cultivator, and you told him that he could get all or any part of it." And answered: "I don't remember."

Many witnesses were introduced, testifying both on behalf of the State and the defendant, whose testimony was to the effect that the appellant about 2 or 3 o'clock in the afternoon took the cultivator off of the vacant lot where it was situated; that he carried it out in the middle of the street and fastened it to his father's wagon. While he was doing this, several parties were standing on the street laughing and teasing him about the cultivator.

Witnesses testified that it was an old cultivator and that several of its pieces were missing. One witness said that it had a tongue and a neck yoke. Another said that it had a tongue and he couldn't remember whether it had any other pieces or not. Another said it was an old piece of cultivator. One of the witnesses stated that the appellant stated in reply to a party who spoke to him about the cultivator, that he "was going to take the wheels to make a wagon to haul manure into the garden."

Appellant offered to prove by his brother that prior to the taking of the cultivator he (appellant) requested his brother to see Mr. Brewer, the owner of the cultivator, and to ask him about the matter. That his brother did see Brewer, who told him "to take the cultivator or any part of it and do whatever he wanted to do with it." And that his brother told him (appellant) what Brewer had said. The court ruled that any conversation between Brewer and the brother of appellant concerning the taking of the cultivator was competent, but that it was not competent to prove that the brother afterwards com-

municated to appellant that Brewer had given him permission to take the cultivator; that such testimony was hearsay. Appellant objected and duly excepted to the ruling of the court, and made this ruling one of the grounds of his motion for a new trial.

*Covington & Grant,* for appellant.

1. The elements of larceny are not present. The taking, to constitute larceny, must be done with the intent to steal—with a felonious intent. Kirby's Dig., § 1825; 91 Ark. 492, 495.

2. The exclusion of the testimony of Floyd Little to the effect that he, at appellants' request, called on Mr. Brewer and asked him if they could have the cultivator, to which he replied that they could have all or any part of it, and that the witness told appellant what Brewer said, was reversible error. *Supra.*

Any evidence that would tend to show good faith on the part of appellant, would be competent. *Supra;* 94 Ark. 324.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The intent with which appellant carried off the cultivator was a matter for the jury. The verdict is supported by the evidence. 109 Ark. 138; *Id.* 130.

2. What Floyd Little told appellant of the conversation with Brewer, was not admissible. It was mere hearsay and in the nature of a self-serving declaration.

WOOD, J., (after stating the facts). In *Douglass* v. *State,* 91 Ark. 492, we said: "In order to constitute larceny, the taking must be done with felonious intent; the taking of the property and its possession is only a fact, and in itself it is not sufficient to raise a presumption of a guilty intent; and, standing alone, it would not be sufficient to sustain a conviction of larceny." Citing *Mason* v. *State,* 32 Ark. 238; *Gooch* v. *State,* 60 Ark. 5; *Sutton* v. *State,* 67 Ark. 155; *Jones* v. *State,* 85 Ark. 360.

The court erred in refusing to allow appellant to prove that the owner of the cultivator had told appellant's brother that appellant might take the cultivator, and that this permission on the part of the owner had been communicated to appellant. This was not in the nature of hearsay testimony, but was evidence tending to prove a substantive fact, towit, the permission of the owner for appellant to take the cultivator, which was a very material fact; for, as is shown, the gist of the offense of larceny is that the property must be taken with a felonious intent. It is not hearsay evidence to prove that the owner told a third party that the appellant could take the property, and that this party communicated to appellant what the owner said. If the owner did give such permission to appellant's brother, it was a fact which it was competent for appellant to prove. And if the witness communicated this information to appellant, this was also a fact which it was competent for appellant to prove by the witness who communicated the information, and was not in the nature of hearsay testimony.

The proffered testimony was not an offer to prove what appellant's brother said, but it was an offer to show that the owner of the property did grant permission for appellant to take the same, and an offer to show the fact that this permission had been communicated to appellant. The testimony was as competent in this form as if it had been testified to either by the owner of the property himself or by the appellant. The fact that permission was granted and communicated to appellant through the intervention of an agent or third party did not make it hearsay evidence.

The court therefore erred in excluding the proffered testimony, and for this error the judgment is reversed and the cause is remanded for a new trial.