CONNER v. STATE.

Opinion delivered February 25, 1918.

1. CRIMINAL LAW—CROSS-EXAMINATION OF DEFENDANT—FORMER CONVICTIONS.—The defendant may be cross-examined touching former convictions for crimes, when he becomes a witness on his own behalf.

2. TRIAL—ARGUMENT OF COUNSEL.—While attorneys have reasonable latitude in the course of argument to the jury, it is improper for them to overstate or exaggerate the testimony or to refer to matters not in evidence. The trial court should take prompt and vigorous action to exclude all prejudicial statements, and it is reversible error to fail to do so.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*U. L. Meade,* for appellant.

1. The verdict is not supported by the evidence. Prejudicial error was committed in the cross-examination of defendant.

2. The remarks of the prosecuting attorney were unfair and prejudicial. 58 Ark. 473; 12 Cyc. 571; 73 Ark. 453; 58 *Id.* 353; 65 *Id.* 619; 70 *Id.* 305.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence sustains the verdict.

2. No objections were made to the questions on cross-examination. 76 Ark. 276; 84 *Id.* 487; 96 *Id.* 7; 101 *Id.* 443; 99 *Id.* 462; 103 *Id.* 70. But the testimony was competent. 128 *Id.* 565; 100 *Id.* 321.

3. There was no error in the remarks of the prosecuting attorney, nor were they prejudicial.

HUMPHREYS, J. Appellant was indicted, tried and convicted by a jury in Pope Circuit Court for the unlawful sale of liquor. He has duly prosecuted an appeal to this court from the judgment of conviction.

It is first insisted that prejudicial error was committed by permitting the following cross-examination of appellant:

"Q. Did you ever sell any before?

A. No, sir.

Q. Ever plead guilty here in the court?

A. Not for selling whiskey.

Q. Selling anything?

A. I plead guilty here in the way of a compromise for selling a 'near-beer,' that was sold all over the country.

Q. How many times?

A. I forgot; some two or three.

Q. Don't you know it was six times?

A. No, sir. I will state this, that I was indicted."

(1) The rule of evidence is well established in this State that the defendant may be cross-examined touching former convictions for crimes when he becomes a witness in his own behalf. *Werner* v. *State,* 44 Ark. 122; *Hol-*

*lingsworth* v. *State,* 53 Ark. 387; *Holder* v. *State,* 58 Ark. 473; *Smith* v. *State,* 74 Ark. 397; *Younger* v. *State,* 100 Ark. 321; *Turner* v. *State,* 128 Ark. 565. It is not contended that the evidence is insufficient to support the verdict, so we deem it unnecessary to set the evidence out *in extenso.* Only one witness testified in behalf of the State, and two, including himself, in behalf of the appellant.

Charley Payne testified for the State, in substance, that on Saturday, between the 13th and 15th of October, 1916, he bought one quart of Murray Hill whiskey from appellant in appellant's place of business about one and a half miles south of Atkins, Arkansas, and paid him $1.75 for it; that on Friday prior thereto he bought an intoxicating mixture of Jamaica ginger and cider from him; that on the following Monday or Tuesday he bought a quart of whiskey from Jerry Shrieves in the back end of appellant's store; that at the time of the purchase he observed a large quantity of beer and whiskey bottles in the back room of the appellant's store; that Lemley was out there with him several times and that he told Lemley on one occasion that he bought whiskey from Shrieves.

Appellant testified, in substance, that he did not remember the dates Payne came to his place of business, but he was there two, three or four times in the interest of the lighting business; that Lemley was in Payne's company when he asked appellant if he knew where he could buy some whiskey; that he put Payne next to Shrieves, and told Shrieves Payne was his friend; that soon thereafter Shrieves left and returned with a bundle under his arm, and passed through the store into the shed room; that Payne followed him back and one or the other called Lemley; that Payne and Lemley left in about fifteen minutes; that he never sold Payne any whiskey and that he was not interested in the sale of any whiskey to him; that he never sold whiskey in 1916, or at any other time to anybody; that he plead guilty in the way of a compromise two or three times for selling "near-beer;" that if any bottles were in his store they were bottles he had to put coal oil and vinegar in.

J. L. Lemley testified, in substance, that he saw appellant sell Payne Jamaica ginger and cider mixed, on Friday, but was not there with him on the following Saturday; that he was there on the following Monday and saw Jerry Shrieves leave the store and come back in about three-quarters of an hour with a bundle under his arm; that Jerry Shrieves passed through the store to the shed room and Payne then called him; that when he got back to the room, Payne had a bottle of whiskey and that they all drank out of it; that on the way back to town Payne asked him Shrieves' name and informed him that he bought the whiskey from Shrieves.

(2) It is alleged that, in view of the sharp conflict in the evidence and the weakness of the State's evidence, the court erred in permitting the prosecuting attorney to overstate the evidence in his closing argument by saying: ''Gentlemen of the jury, the defendant has pleaded guilty, and has been convicted already in this court for selling liquor a half a dozen times.'' While attorneys should have reasonable latitude in the course of argument, it is not proper for them to overstate or exaggerate the testimony or to refer to matters not in evidence. The trial court should take prompt and vigorous action to exclude all prejudicial statements. As the jury were not admonished to disregard the statement complained of, we would not hesitate to reverse the case if we thought the statement made by the prosecuting attorney was, in fact, prejudicial. We can not see, however, how any prejudice could have resulted to appellant on account of the statement. Appellant admitted that he had pleaded guilty in that court two or three times by way of compromise for selling ''near-beer.'' This amounted to an admission that he had been convicted two or three times on pleas of guilty for a violation of the liquor law. This admission was drawn out of him on cross-examination and went to his credibility as a witness. If his credibility as a witness was affected by this admission, it was because he had violated the law, and not because he had violated it any particular number of times. We think the violation of the

liquor laws three times would as effectually discredit a witness as six violations thereof. We do not think it can be said under this evidence that there would have been an acquittal had the prosecuting attorney omitted the statement complained of from his argument, so can not say appellant was prejudiced by the statement.

No error appearing in the record, the judgment is affirmed.