BARTLETT *v*. STATE.

Opinion delivered November 17, 1919.

1. CRIMINAL LAW—BURGLARY—VARIANCE—WAIVER.—Defendant was charged with stealing property from the Missouri Pacific Railway Company, and the testimony showed that it was the Missouri Pacific Railroad Company. *Held*, if this constituted a variance, in the absence of a waiver of the point, proof was admissible that the owner of the goods would have been recognized in the community as either the Missouri Pacific Railway Company, or Railroad Company.

2.  CRIMINAL LAW—PRINCIPALS AND ACCESSORIES.—Persons present, aiding and abetting, or ready and willing to aid and abet, are principals and indictable as such.

3.  SAME—ACCOMPLICE—CORROBORATION.—An accused can not be convicted upon the uncorroborated testimony of an accomplice.

4.  BURGLARY—ACCOMPLICE—ENTERING THE BUILDING.—One may be convicted as an accomplice to a burglary, although he does not enter the building, but stayed outside and watched, while his accomplice entered the building, and carried away the stolen goods.

5.  CRIMINAL LAW—PROOF OF GUILT.—The law does not require that the guilt of the accused be established to the exclusion of every other hypothesis than that of guilt.

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

*D. B. Sain,* for appellant.

1.  The court erred in giving instruction No. 1 for the State, because there is no proof that the gun taken was the property of the United States Government, except the conclusion testified to by Mr. Beavers, and there is a variance between the indictment and the proof, as the proof shows that the depot was the property of the Missouri Pacific Railroad Company and so was the money, and not that of the Missouri Pacific Railway Company.

2.  No. 2 for the State should not have been given. There was error also in giving the 3rd instruction for the State and in refusing the 4th, 7th and 8th for defendant.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1.  There was no variance between the indictment and proof. This was waived really, but if not there was no real variance. 117 Ark. 296.

2.  There was no error in giving instruction No. 2. *Harris* v. *State, ante* p. 46.

3.  No. 3 was not error, if read in connection with No. 5 for defendant. Together they state the law, and only a general objection was made. 74 Ark. 431; 94 *Id.*

169; 95 *Id.* 100; 66 *Id.* 264; 80 *Id.* 225; 116 *Id.* 357; 108 *Id.* 508; 106 *Id.* 362; 110 *Id.* 402; 129 *Id.* 180.

3. There was no error in No. 5 given. 58 Ark. 353; 61 *Id.* 88; 69 *Id.* 558; 120 *Id.* 30.

4. No. 6 given was proper and has often been approved. 54 Ark. 489; 68 *Id.* 336; 91 *Id.* 570; 108 *Id.* 508.

5. There was no error in modifying instruction No. 2 as to corroboration by an accomplice nor in refusing No. 6 for defendant. 86 Ark. 23; 64 *Id.* 247.

6. No. 7 refused properly. It is not the law. 36 Ark. 117; 58 *Id.* 353; 63 *Id.* 310; 75 *Id.* 540. It is bad also because there was no evidence upon which to base it, at least the first part of it.

7. There was no error in refusing Nos. 8 and 10 for defendant.

8. No error in the admission of the testimony of the officers who arrested the boys, as the Shillings boy substantially repeated their testimony.

SMITH, J. Appellant seeks by this appeal to have reversed the judgment of the Howard Circuit Court sentencing him to a term of three years in the penitentiary upon a charge of burglary. The indictment charged that the property which appellant intended to steal was an iron chest of the value of $10 and $125 in gold, silver and paper money, all being the property of the Missouri Pacific Railway Company, a corporation, and one gun, the property of the United States Government, of the value of $25. The indictment also alleged that the building broken into was "a certain station house owned and occupied by the Missouri Pacific Railway Company, a corporation."

(1) In stating the case to the jury instruction No. 1 referred to the stolen chest and money as the property of the Missouri Pacific Railway Company, whereas the testimony showed that this was the property of the Missouri Pacific Railroad Company, and objection is made that there was a variance between the allegation and the testimony. The objection was made at the trial but was

waived at the time by counsel representing appellant at the trial, but it is now insisted that only the appellant himself could waive the point.

In the case of *Brown* v. *State,* 108 Ark. 336, the indictment alleged that the stolen property belonged to the St. Louis Southwestern Railroad Company and the proof showed that at the time of the larceny the goods were in the possession of the St. Louis Southwestern Railway Company, and it was there insisted that there was a fatal variance between the allegation of ownership and the proof thereof. It was shown by the testimony, however, that the alleged owner was sometimes spoken of as the railroad and at other times as the railway, and that persons living in the community understood what company was used when it was referred to by either designation. We there said that "the alleged variance between railway company and railroad company did not prejudice the substantial rights of the defendant on the merits. The allegation was sufficient to advise appellant of the name of the owner of the goods which he is alleged to have received."

So here if the difference between the allegation and the proof constituted a variance it must be assumed that, if the point had not been waived at the trial, proof could and would have been offered that the alleged owner of the goods would have been recognized in that community, as the same corporation, under the designation of a "railway company" or as a "railroad company."

The testimony shows appellant to be a boy seventeen years old and his accomplice was a boy named Shillings, who was about the same age. Shillings became a witness and admitted his own guilt and testified that appellant assisted him in the commission of the crime.

Over appellant's objection, the court gave an instruction No. 2, which reads as follows:

"If you find, beyond a reasonable doubt, that Charles Shillings entered the depot and stole the property alleged in the indictment, and that the defendant was present, aiding and abetting or ready and willing to aid and abet, you will convict the defendant."

(2) The objection to this instruction is that it directs the jury to find appellant guilty under testimony which would only constitute him an accessory when he was indicted as a principal and when the testimony shows that, if guilty at all, he was a principal. But persons present aiding and abetting, or ready and willing to aid and abet, are in fact principals and are indictable as such. Kirby's Digest, § 1563; *Harris* v. *State, ante* p. 46.

(3) It is insisted that the jury was not fully and properly instructed as to the corroboration of an accomplice necessary to sustain a conviction. On that branch of the case, however, the court gave at appellant's request an instruction No. 5, which reads as follows:

"You are instructed that the accused could not be convicted on the uncorroborated testimony of an accomplice, and that the testimony must be corroborated by other evidence, direct or circumstantial, tending to connect the defendant with the commission of the offense charged, and unless the State does so prove you will acquit the defendant."

We think this instruction meets the requirement of the statute in regard to the corroboration of an accomplice.

(4) Error is assigned in the refusal of the court to give the following instruction:

"You are further instructed that unless you believe beyond a reasonable doubt that the defendant entered the depot of the Missouri Pacific Railroad Company in the night time, and at the time he entered the said depot it was with the felonious intent of committing a felony, then your verdict will be for the defendant."

It was not error to refuse this instruction because it directed a verdict for defendant unless it was shown that he entered the depot when in fact and in law he would have been guilty had he stayed outside the depot and watched while his accomplice entered the building and carried away the stolen goods.

(5)   An instruction, No. 10, which is predicated upon the idea that the testimony in the case is of a circumstantial nature told the jury that before they could convict they must believe beyond a reasonable doubt and to the exclusion of every other hypothesis that appellant committed the offense as charged in the indictment.   But this instruction was properly refused because the testimony was not wholly nor chiefly of a circumstantial character.   Nor would it have been proper had this been the case.   A similar instruction was condemned by us in the recent case of *Bost* v. *State, ante* p. 254, where we said that the law did not require that the guilt of the accused be established to the exclusion of every other hypothesis than that of guilt.

Objection is made to the admission of the testimony of the officers who made the arrests and who detailed what the Shillings boy said at the time.   This could not have been prejudicial, as the Shillings boy substantially repeated that testimony at the trial.

Other errors are assigned, but we think it unnecessary to discuss them.

No error appearing, the judgment is affirmed.