CLAYTON *v.* STATE.

Opinion delivered June 25, 1923.

1. INDICTMENT AND INFORMATION—JOINDER OF OFFENSES.—An indictment charging in the first count that the accused broke and entered a home with intent to commit grand larceny, and in the second count that he stole corn of the value of $20, was not defective on the ground that it joined the offenses of burglary and grand larceny, where the indictment does not show on its face that the two offenses were not related.

2. CRIMINAL LAW—HARMLESS ERROR.—Overruling a demurrer for misjoinder of counts for burglary and grand larceny was not prejudicial where the State elected to try the accused on the count for grand larceny.

3. CRIMINAL LAW—QUESTION NOT RAISED BELOW.—In a prosecution for grand larceny in stealing corn, a variance between the indictment and evidence tending to show that the accused severed from the soil corn of the value of more than $10, constituting a trespass under Crawford & Moses' Dig., § 2518, cannot be urged upon appeal where it was not made a ground for a motion for new trial, except by the contention that the verdict was contrary to the evidence.

4. CRIMINAL LAW—HARMLESS ERROR.—In a prosecution for grand larceny, testimony as to a confession was not prejudicial where the accused testified to the same facts.

5. WITNESSES—IMPEACHMENT.—In a prosecution for grand larceny by stealing corn, it was not error to permit the State to ask defendant's witness whether he did not peddle liquor for the defendant, whether the witness worked at a still for defendant, and whether the witness was paid in the product of the defendant's still, such questions being calculated to elicit facts affecting the witness' credibility.

6. WITNESSES—CROSS-EXAMINATION.—In a prosecution for grand larceny, it was proper to permit the prosecuting attorney to ask defendant testifying as a witness whether he had made whiskey and sold it illegally, and to ask him concerning indictments against him for other offenses, where the court instructed the jury to consider such matters only as affecting defendant's credibility.

Appeal from Crittendent Circuit Court; *G. E. Keck,* Judge; affirmed.

*Rudolph Isom,* for appellant.

The indictment is fatally defective because of a misjoinder, burglary and grand larceny being charged, with no relation whatever between the offenses. 97 Ark. 176; 105 Ark. 12; 48 Ark. 94. There is a variance between the larceny count and the proof offered to sustain it. 67 Pa. 54. An unharvested crop is part of the realty, and although appellant could have been indicted under § 2578 C. & M. Digest, he was not. 93 Ark. 81; 100 Ark. 409; Bishop on Statutory Crimes, § 414; 66 Ark. 65; 111 Ark. 180. This was called to the court's attention by objection when he read as part of instruction 2 said § 2518, C. & M. Digest. Question may be raised first time on appeal. 12 Cyc. 811-12; 26 Ill. App. 137. The court erred in permitting a purported confession to go to the jury and also in allowing the prosecuting attorney to ask defendant if he had not committed certain other offenses wholly unrelated to offense for which he was on trial. 109 Ark. 322; 91 Ark. 555; 102 Ark. 492; 99 Ark. 604.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock,* assistants, for appellee.

Appellant made no objection to the two offenses being charged, and the State elected to try him on the second count of the indictment, and the jury were so instructed. 96 Ark. 52; 151 Ark. 240; 141 Ark. 43; 142 Ark. 96. The second count of the indictment was sufficient. Sec. 2518, C. & M. Digest; 100 Ark. 409; 111 Ark. 180. No proper objection was made to it in any event. 80 Ark. 225; 17 C. J. 53, par. 3330, 50, par. 3328; 51, par. 33, 29, 55. No error in admitting evidence of the confession nor in permitting the defendant to be questioned about whether he had not committed certain other crimes. No objections were made nor exceptions saved. 82 Ark. 540; 84 Ark. 128; 109 Ark. 355. There was only one act of larceny, and appellant's assignments of error are not properly preserved, either no objection being made or a failure to obtain a ruling of the court thereon. 79 Ark. 298; 117 Ark. 154; 118 Ark. 310; 151 Ark. 463; 149 Ark. 147.

WOOD, J. Charlie Clayton, the appellant, was indicted by the grand jury of Crittenden County in two counts. The first count was for burglary, and the second for grand larceny. The first count alleged that he "did unlawfully, wilfully, maliciously, burglariously, feloniously and with force break and enter the home of M. C. Williams, with the unlawful, wilful, malicious, burglarious and felonious intent to commit grand larceny, by unlawfully, wilfully, and feloniously taking, stealing and carrying away personal property of the value of more than ten dollars."

The second count alleged that he "did unlawfully and feloniously take, steal and carry away ten bushels of corn of the value of $2 per bushel, of the total value of $20, the property of M. C. Williams."

Clayton was tried and convicted of grand larceny, and sentenced by judgment of the court to one year in the State Penitentiary. From that judgment he appeals.

1. The appellant contends that the indictment was fatally defective because it joined the offenses of bur-

glary and grand larceny, where the proof showed that there was no relation between the two offenses, the charge of burglary being the entering of the house of Williams with the intent to commit a felony, and the charge of grand larceny being the stealing of corn from the field of Williams. This contention of the appellant cannot be sustained, for the reason that the indictment does not on its face reveal the alleged defect of which appellant complains. Furthermore, if this defect were shown on the face of the indictment, the State elected to try appellant only on the second count of the indictment for grand larceny, which was a good indictment for that offense.

2. The appellant next contends that there was a fatal variance between the second count and the proof offered to sustain it; that the testimony offered by the State tended to show that the appellant went into a field and severed from the soil of Williams roasting ears growing thereon, of the value of more than $10. Appellant contends that this constituted trespass and not larceny, under § 2518, C. & M. Digest, which provides: "If any person shall sever from the soil of another any vegetable or produce growing thereon, of the value of one dollar or more,   *   *   *   and shall take and carry away, or convert the same to his own use, with intent to steal the same, he shall be adjudged guilty of larceny in the same manner as if the article so taken had been severed at some different and previous time."

The appellant is not in an attitude to complain here of a fatal variance between the second count in the indictment and the proof offered to sustain it, for the reason that he did not call attention to such objection in the trial court. Such alleged error in the ruling of the trial court is not made one of the grounds of his motion for a new trial. This was necessary. True, the appellant alleges, as one of the grounds of his motion for a new trial, that the verdict was contrary to the evidence, but the testimony for the State tended to prove the charge

of grand larceny as set up in the second count of the indictment.

3.    The appellant next contends that the court erred in permitting a purported confession of appellant to go to the jury because the testimony tended to prove that such confession was not free and voluntary.    Witness Curlin testified for the State as follows:  "Q.    Tell the jury whether or not you had any conversation with this defendant concerning M. C. Williams, or concerning this case.    A.    I did.    Q.    Where?    A.    Down in the office.    Q.    Do you know when it was with reference to the time that the case was to be tried that you talked to him?'    A.    No, I don't know just exactly the number of days, but it was several days after the case should have come up.    Q.    To refresh you, do you know whether it was—you talked to him the day it was to come up, or do you know?    A.    No sir.    The day I talked to him was the day they brought him back from Memphis.    Q.    Mr. Curlin, before he talked to you about the case, was any inducement held out to him to get him to talk about it?    A.    None whatever.    Q.    Or any abuse or anything of that kind used to get him to talk about it?    A.    No sir. We were just laughing and talking about the circumstances.    Q.    Was he laughing about it?    A.    Yes sir. Q.    Was he telling you about some occurrence?    A.    Yes sir.    Q.    Was the conversation on the part of Clayton free and voluntarily made?    A.    It was."

Further along in his testimony the witness stated that the appellant was telling about his capture.    He stated that he had stationed several half-pints of whiskey around Williams' buggy and in his house, and he then put in a call for the officers, and thought the deputy sheriff would come and arrest Williams on a whiskey charge, but the policemen came instead, and the appellant said, "When the policemen came, he knew he had played hell.    So they caught him and carried him down to the police station, and I believe he said they hit him on the side of the head, and he told them all about it."

If it be conceded that the above testimony tended to prove that appellant made a confession, and that same was not free and voluntary, still no prejudice resulted to the appellant from such testimony, because appellant himself took the witness stand and testified to the same state of facts brought out by such testimony.

4. The appellant contends that the court erred in permitting the prosecuting attorney to propound improper questions in the cross-examination of a witness for the defendant. The character of these questions is indicated by the following examples: "Q. Didn't you peddle a little liquor for Payton and Charlie, both of them? Q. I'll ask this: was Charlie getting corn up there out of that field to make liquor down there on his place? Q. Did you work at the still for him? Q. Didn't pay you in the product of his corn?"

There was no error in these questions. It was proper to ask them, as they were calculated to elicit facts which the jury might consider as affecting the credibility of the witnesses. *Jordan* v. *State,* 141 Ark. 504; *Kyles* v. *State,* 143 Ark. 419, and other cases in Crawford's Supplement to Digest, Witnesses, 981-2-3. Moreover, to some of the questions no objection was made at the time, and no ruling of the court was elicited and obtained on any of them. *Coon* v. *State,* 109 Ark. 346-55.

The appellant also contends that the court erred in permitting the prosecuting attorney to ask the defendant, who had become a witness in his own behalf, if he had not committed murder, made whiskey and sold it illegally, and also to ask him with reference to indictments procured against him for other offenses. These questions were likewise proper as tending to affect the credibility of the defendant as a witness. The court told the jury that they would consider such questions "only for the purpose of going to the credibility of the witness." The ruling was correct. *Kyles* v. *State, supra; Jordan* v.

*State, supra; Conner* v. *State,* 132 Ark. 531; *Shinn* v. *State,* 150 Ark. 215, and other cases in Crawford's Supplement to Digest, p. 982.

The record presents no reversible error.

Affirmed.