ANDERSON v. STATE.

Opinion delivered January 14, 1924.

1. INTOXICATING LIQUORS—POSSESSION OF STILL—EVIDENCE—Evidence *held* sufficient to sustain a conviction for having a substitute for a still for the purpose of using the same for the production of distilled spirits.

2. CRIMINAL LAW—QUESTION NOT RAISED BELOW.—Where no objection was raised in the court below on account of a variance between the indictment and proof, such variance cannot be assigned as error on appeal.

3. CRIMINAL LAW—QUESTION NOT RAISED BELOW.—Objection that an indictment charged defendant with having a still in his possession which, after being set up, may be used for the production of distilled spirits, instead of charging him with having such still for the purpose of producing distilled spirits, cannot be raised for the first time on appeal.

Appeal from Baxter Circuit Court; *John C. Ashley,* Judge; affirmed.

*Sam Williams,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

HART, J. Andrew Anderson prosecutes this appeal to reverse a judgment of conviction against him for the crime of possessing a still in violation of the statute.

The indictment in this case is drawn under § 2 of act 324 of the General Acts of 1921, which reads as follows:

"No person shall keep in his possession any still-worm or still, without registering the same with the proper United States officer, and no person shall set up, to be used as a distillery, any stillworm or substitute therefor and a still or substitute therefor, such as a kettle, washpot, metal tank, or any other vessel of any kind, for the purpose of using same, or which, after being so set up, may be used for the production of distilled spirits." General Acts of 1921, p. 372.

It is first insisted that the evidence is not legally sufficient to support the verdict. We cannot agree with counsel for the defendant in this contention. The sheriff

and a deputy sheriff of Baxter County, Ark., were the principal witnesses for the State. According to their testimony, they received information that the defendant had a still on his place in Baxter County. His house was situated in his field. When they went to investigate the matter, they saw the defendant in his field, gathering corn. He ran off, but was subsequently arrested. The sheriff and his deputy found a metal tank in the field, near a spring. A fire had been built under the tank, and there was some mash in it. There was also found near there an iron pipe and a smaller tank. There was a hole in the large tank in which the iron pipe fitted. The two tanks, with the pipe connecting them, could have been used as a still, and, from the evidence of fire which had been under the larger tank and the mash still in it, they had been used for that purpose. At the conclusion of his testimony the sheriff said that he subsequently went to the home of the defendant and arrested him. The defendant admitted to him that he had bought the apparatus mentioned above for the purpose of using it as a still, but said that he had never used it. The sheriff also testified that, when he arrested the defendant, he found two stills. One of them was in his house, and the other one was in his yard. He also found about thirty-five gallons of wine in the house of the defendant.

While the defendant denied his guilt, the evidence above set out was sufficient to warrant the jury in convicting him of having a substitute for a still for the purpose of using the same for the production of distilled spirits, contrary to the provisions of the section of the statute above quoted.

It is next insisted by counsel for the defendant that there is a fatal variance between the indictment and the proof. The body of the indictment reads as follows:

"The said Andrew Anderson, in the county and State aforesaid, on the 15th day of September, A. D. 1921, unlawfully, wilfully, and feloniously did have and keep in his possession a stillworm and still which, after

being set up, may be used for the production of distilled spirits, without registering the same with the proper United States officer, against the peace and dignity of the State of Arkansas.''

No objection was made to the indictment in the court below, and for that reason the defendant cannot assign as error here a fatal variance between the second count in the indictment and the proof offered to sustain it. *Beard* v. *State,* 79 Ark. 293; *Birones* v. *State,* 105 Ark. 82; and *Clayton* v. *State,* 159 Ark. 592.

It will be observed that the indictment charges the defendant with having a still in his possession, which, after being set up, may be used for the production of distilled spirits. This, inferentially at least, charges him with having such a still in his possession for the purpose of using it for the production of distilled spirits. It is true that the language in this respect is ambiguous, but, if the defendant intended to object to the indictment on that account, he should have done so in the trial court. He cannot submit to a trial on the merits and, after having been convicted, object that the indictment was ambiguous or misleading.

It is evident from the proceedings at the trial that the defendant was fully advised of the charges against him, and met the same with such proof as he was capable of producing at the trial. He was not misled in any way to his prejudice, and the judgment will be affirmed.