WHITNEY *v.* STATE.

Opinion delivered March 26, 1928.

1.  HOMICIDE—VARIANCE AS TO NAME OF PERSON KILLED.—In an appeal from a conviction of voluntary manslaughter, a variance between the indictment and the proof as to the name of the person alleged to have been killed could not be raised on appeal when not called to the trial court's attention.

2.  HOMICIDE—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of voluntary manslaughter.

3. CRIMINAL LAW—DUTY OF COURT TO ADMONISH JURY.—In a murder trial the court's failure to admonish the jury that they could consider evidence as to whether defendant had previously killed another man only as to defendant's credibility *held* not error, where the court had previously so instructed the jury on similar evidence, and no request was made for a second instruction, and defendant had contented himself with a general objection and exception to such question and answer.

4. CRIMINAL LAW—INSTRUCTION AS TO REASONABLE DOUBT.—In a prosecution for murder, refusal of a requested instruction which in effect told the jury that they should not convict defendant unless his guilt had been established to the exclusion of every other reasonable hypothesis of his innocence, was not error where the jury had been instructed on the burden of proof and reasonable doubt.

Appeal from Miller Circuit Court; *James H. McCollum*, Judge; affirmed.

*Pratt P. Bacon* and *Jones & Jones*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted for murder in the first degree in the circuit court of Miller County, for shooting and killing Sam Warren. Upon a trial of the cause he was convicted of voluntary manslaughter, and, as a punishment therefor, was adjudged to serve a term of seven years in the State Penitentiary, from which is this appeal.

The first assignment of error is an alleged variance between the indictment and proof with reference to the person killed. The indictment charged that appellant killed Sam Warren, whereas the proof showed that he killed Son Warren. No question was raised in the trial of the cause as to the identity of the person murdered. All witnesses referred to the person killed as "Son Warren" or "Son Morris." Appellant did not claim in the trial that the person he killed was a different man from the man he was charged with killing. He did not ask any instruction on the issue of variance, nor set out the variance between the indictment and proof in his motion for a new trial. The issue of variance raised for the first time on this appeal was one of fact for the jury,

under the rule announced by this court in the cases of *Bennett* v. *State*, 84 Ark. 97, 104 S. W. 928; *Woods* v. *State*, 123 Ark. 111, 184 S. W. 409, Ann. Cas. 1918A, 348; *Sutton* v. *State*, 67 Ark. 155, 53 S. W. 890. It is too late to raise this question for the first time on appeal. *Clayton* v. *State*, 159 Ark. 592, 252 S. W. 589; *Anderson* v. *State*, 162 Ark. 14, 257 S. W. 365.

The second assignment of error is that the evidence is insufficient to support the verdict and judgment for voluntary manslaughter. According to the testimony of the State, briefly stated, appellant and Melvin Knighton got into a fight in one of the front rooms in Plato Perkins' house, where several negroes had been gambling. They fought back into the kitchen. After they entered the kitchen, and while the fight was in progress, Son Warren, with an open knife in his hand, pushed his way into the room. During the fight appellant received a knife wound on the cheek. Appellant retired from the conflict, going through the back door of the kitchen. After he left, Knighton and Son Warren went out to the car in which they, with appellant and others, had come to the Perkins home. After they had got into the car for the purpose of driving away, appellant returned with a shotgun, approached the car, and asked for Knighton. Knighton had taken refuge behind the car, and, when Son Warren stepped out on the running-board, appellant shot him. Son Warren died in a short time after, from the effect of the wound. The evidence introduced by the State was contradicted, but the jury accepted it as true. It is sufficient to support the verdict and judgment.

The third assignment of error is that the court did not admonish the jury that the testimony of appellant, on cross-examination, to the effect that he had killed another man, could only be considered by them in passing on his credibility as a witness. Immediately before this question was asked and answered in the affirmative, a similar one had been asked and answered, at which time the court did instruct the jury that they should only consider the evidence in passing on appellant's credibility as a wit-

ness, and not as any evidence of his guilt. It was unnecessary for the court to instruct the jury a second time upon the point, even though the question was asked and answered a second time. When asked and answered the second time, the jury necessarily understood for what purpose they might consider it. Besides, appellant did not request that the jury be instructed a second time on the point. He contented himself with a general objection and exception to the question and answer.

The last assignment of error is that the court erred in refusing to give a number of instructions requested by him. It would unduly extend this opinion to set out each instruction and show that it was fully covered by some other instruction or instructions given by the court, which is the case, except as to requested instruction No. 6. Requested instruction No. 6 told the jury, in substance, that they should not convict appellant unless his guilt had been established to the exclusion of every other reasonable hypothesis of his innocence. It is not error to refuse such an instruction, if the jury had been correctly instructed on the burden of proof and reasonable doubt, which was done in the instant case. *Bost* v. *State,* 140 Ark. 254, 215 S. W. 615; *Bartlett* v. *State,* 140 Ark. 553, 216 S. W. 33.

No error appearing, the judgment is affirmed.