THOMPSON *v.* STATE.

## Opinion delivered July 9, 1917.

1. APPEAL AND ERROR—PRESERVING EXCEPTIONS.—The facts upon which an assignment of error are based must be set forth in a bill of exceptions, and not merely in the motion for a new trial, as the latter operates only as an assignment of error and not as an authoritative narrative of the incidents of the trial.

2. CRIMINAL LAW—REASONABLE DOUBT.—Where the court instructed the jury that the presumption of innocence attended the defendant throughout the trial, and that the State must establish guilt beyond a reasonable doubt, it was not error to refuse to instruct the jury that if the facts and circumstances in proof were susceptible of two constructions, one of guilt and the other of innocence, that it was the duty of the jury to acquit.

3. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DISCRETION OF COURT.— A motion for a new trial on the ground of newly-discovered evidence is left to the sound discretion of the trial judge, and this court will not disturb the ruling unless there has been an abuse of that discretion.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*U. L. Meade, R. W. Holland* and *J. T. Bullock,* for appellant.

1. The verdict is not supported by the evidence. Thompson's explanation of his possession of the cotton was sufficient and is corroborated.

2. All the character witnesses (except one) stated that his reputation was good.

3. In his explanation as to how he got the $309 spent, he became confused and merely made a mistake.

4. A new trial should have been granted for newly-discovered evidence.  86 Ark. 481.

5. Instruction No. 2 for appellant should have been given.  58 Ark. 478.  Other cases on conflicting presumptions are 97 Ark. 212; 34 *Id.* 511; 59 *Id.* 411.

6. The questions and conduct of the State's attorney were improper and prejudicial.

7. Instruction No. 3, asked by appellant, correctly states the law.  No. 5, given for the State, is inaccurate

and misleading. Appellant was tried upon statements not true and since shown to be untrue. The evidence of mistake is undisputed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The burden was on appellant to show affirmatively that the rulings of the court were erroneous. All doubts are resolved in favor of the court's rulings. 85 Ark. 514; 95 *Id.* 588; 84 *Id.* 342; 96 *Id.* 627. But no objections were made to any statements of counsel, nor any request made to instruct the jury to disregard them. It is too late after verdict. 100 Ark. 107; 91 *Id.* 93; 104 *Id.* 397; 103 *Id.* 505.

2. The objections to the testimony of Line and Shoptaw are not well taken.

3. In a prosecution for larceny, it is competent to prove, and is an evidence of guilt, that a defendant voluntarily paid or offered to pay the value of the stolen property. 121 N. C. 606. No objections were made as to the questions being leading.

4. There was no error in permitting the State to ask on cross-examination as to the reputation of defendant for honesty, etc., after the alleged offense; nor in asking Ledford if his brother-in-law had not been in the penitentiary. No prejudice resulted.

5. The admission of incompetent testimony is not prejudicial where the facts it tends to prove are admitted. 85 Ark. 123; 84 *Id.* 16; 88 *Id.* 135; 91 *Id.* 576.

6. There is no error in the instructions. Those given state the law. Besides the objections were general. 91 Ark. 555; 83 *Id.* 119. Those asked were erroneous.

7. One seeking a new trial for newly-discovered evidence must support it by affidavits of the witnesses by whom he proposes to prove the facts. 29 Ark. 62; 28 *Id.* 121. Due diligence was not shown, nor surprise. The matter was within the sound discretion of the court. 41 Ark. 229; 54 *Id.* 364; 28 *Id.* 124; 13 *Id.* 362.

McCULLOCH, C. J.   The defendant, J. M. Thompson, was indicted by the grand jury of Pope County for the crime of grand larceny, the charge being that he stole a bale of cotton from U. G. Shoptaw, and on trial of the case the jury returned a verdict finding the defendant guilty of the offense charged in the indictment.

The evidence adduced by the State on the trial of the case tended to show that defendant stole three bales of cotton from the gin yard of Shoptaw and carried them to Russellville and sold them.   The proof shows that the bales of cotton in question were ginned on October 16 and 17, 1916, and Shoptaw testified that he missed them from the gin yard on October 19, 1916, and later found the three bales at the cotton yard in Russellville and identified them as being the same bales of cotton that had been taken from his yard.   He identified one of the bales by the number and the peculiarity of the lettering, and testified that the initials which had been stamped on the bale at the gin were rubbed out with dirt.   He identified each of the three bales also by peculiarity in shape by reason of the shape of the press.   There is little, if any, controversy as to the identity of the three bales of cotton found at the cotton yard in Russellville as being the same which were stolen from Shoptaw's gin yard, nor is there any controversy as to the fact that defendant took those three bales of cotton to Russellville and sold them.   Defendant admitted that fact when he was arrested, and also testified on the trial that he carried the bales of cotton to Russellville and sold them.   He denied, however, that he took the cotton from the gin yard, and testified that they were put into his possession by a stranger who gave the name of Hunt.   His narrative of the circumstances is that he was engaged in hauling hay at the time and about daybreak on October 18 started out on his day's hauling with an empty wagon and came upon a stranger on the road with three bales of cotton on a wagon, and that the man claimed that his team had broken down on him, and offered to pay defendant to haul the cotton to Russellville.   Defendant testified that the man told him he would give

him $1 to haul the cotton to Russellville, and would pay more if he (defendant) "was put to any extra trouble." He testified that he took the cotton on his wagon and offered to let the man ride to town with him, but that the man declined on the ground that he was wet and preferred to walk. Defendant stated that when he got to Russellville the man asked him to sell the cotton for him, and he went around to the cotton buyers and sold it and collected the money (about $265) and carried it back to Hunt at the wagon yard and delivered it to him, Hunt at the same time paying him $1 for the hauling. He testified that he heard that Hunt lived up about Dover somewhere, but had made inquiry and could not find him.

The proof on the part of the State was that defendant on that day paid out the sum of $309 to different parties on debts that he owed. He claimed that he paid the debts with his own money, and that he had accumulated the funds by the sale of cotton out of his own crop gathered and sold before that time. The State made out a strong case of circumstantial evidence against defendant by reason of his possession of the recently stolen cotton. His explanation of his possession is far from satisfactory—at least the jury had the right to so regard it—and defendant's conduct was, to say the least of it, very suspicious. His narrative of facts concerning his possession of the cotton is corroborated to some extent by the testimony of other witnesses, but it can not be said that his evidence entirely breaks the force of the circumstances proved in the case, and we think that the testimony abundantly sustained the verdict.

(1) The first assignment of error in the motion for new trial relates to alleged misconduct of special counsel for the prosecution in the opening statement to the jury, but the bill of exceptions does not show that any such incident occurred as set out in the motion. In that state of the record we can not see that there was any misconduct or that anything prejudicial to defendant in that respect occurred. The facts upon which the assignment of error are based must be set forth in a bill of exceptions, as the

motion for new trial operates only as assignment of error and not as an authoritative narrative of the incidents of the trial.

The next assignment of error relates to the giving of instruction No. 5, on the subject of proof of the general reputation of defendant for honesty. Defendant's counsel offered testimony to establish his reputation in the community for honesty, and the State on rebuttal made a counter attack on his reputation. The court gave the instruction complained of, but we find no prejudicial error in it. Defendant asked the court to give an instruction in substance the same as the one given, but the court refused to give it on the ground that the refused instruction was already fully covered by the one given. The only objection made here to the instruction is that its tendency was to minimize the effect of the testimony relating to defendant's reputation. It is not claimed that the court in express language undertook to instruct the jury on the weight of that testimony, but it is merely claimed that the extent of the details of the instruction might have had the effect on the minds of the jury of minimizing the importance of that feature of the testimony. We do not think that the instruction is open to that attack, and we can discover no prejudicial effect which could reasonably have resulted.

(2) The next assignment of error is as to the refusal of the court to give instruction No. 2, requested by defendant, as follows:

"You are instructed that if the facts and circumstances in this case are susceptible of either of two constructions, one pointing to the guilt of the defendant and the other to his innocence, it will be your duty to adopt the construction consistent with the innocence of the defendant and acquit him."

The court gave an instruction on the subject of reasonable doubt, telling the jury, in substance, that the presumption of innocence attended the defendant throughout the trial and that it devolved upon the State to estab-

lish his guilt beyond a reasonable doubt. After having given that instruction, it was not error to refuse to give the other one requested by defendant on the same subject. *Green* v. *State,* 38 Ark. 304; *Reed* v. *State,* 54 Ark. 621. This view of the matter is not in conflict with the decision of this court in *Holder* v. *State,* 58 Ark. 473, where it was held that the trial court erred by modifying an instruction so as to tell the jury that although the facts proved were consistent with defendant's innocence, the jury were not bound to acquit him unless they had a reasonable doubt of his guilt.

(3) The only remaining assignment of error argued on the brief of counsel is that a new trial ought to have been granted for newly-discovered evidence. After the verdict was rendered counsel presented affidavits showing that he had made a mistake in his testimony concerning the times he had sold a part of the cotton out of his own crop that season, and that he had been led into that mistake by an erroneous sales account furnished him by a firm of merchants to whom he sold his cotton. The point of the newly-discovered testimony was that it would tend to strengthen defendant's contention that he had sold a sufficient quantity of cotton before October 18 to raise the amount of funds which he used on that day in paying his own debts. We have often held that a motion for new trial on the ground of newly-discovered evidence is left to the sound discretion of the trial judge and that this court will not disturb the ruling unless there has been an abuse of that discretion. In this case the trial judge might very well have taken the view that it was defendant's own fault that he had not possessed himself of accurate information concerning the date of the sales of his own cotton. He was a small farmer and raised only five or six bales of cotton that year and it was a matter within his own knowledge and he ought to have taken the pains to be accurate in his testimony and not wait until after trial to bring forth matter which would operate as a circumstance in support of his claim of innocence. In other words, it was a matter of discretion for

the trial court to determine whether he had displayed a sufficient amount of diligence to produce the evidence which he now offers in the event of new trial.

We are unable to find any error in the record, and, as the verdict is supported by sufficient evidence, it follows that the judgment must be affirmed, and it is so ordered.