Bost *v.* State.

Opinion delivered October 20, 1919.

1.  LARCENY—COTTON—SUFFICIENCY OF THE TESTIMONY.—The evidence held sufficient to sustain a conviction of larceny of a load of cotton.

2.  CRIMINAL LAW — CIRCUMSTANTIAL PROOF.—An instruction was properly refused which charged the jury that when the State relied wholly on circumstantial evidence, the chain of circumstances, as a matter of law, must not only be inconsistent with defendant's innocence, but must be so convincing of his guilt as to exclude every other hypothesis, and must establish in the jury's mind an abiding conviction of moral certainty of the truth of the charge.

Appeal from Craighead Circuit Court, Lake City District; *R. E. L. Johnson,* Judge; affirmed.

*G. W. Barham,* for appellant.

The court erred in refusing defendant's instruction No. 1. 117 Ark. 296. But whether this instruction should have been given or not, the evidence does not sustain the verdict.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

Confesses error in that the evidence does not sustain the conviction, as there is absolutely no proof that the cotton defendant sold was the same cotton stolen the night before.

SMITH, J.   Appellant was convicted of the offense of grand larceny alleged to have been committed by stealing twelve hundred pounds of seed cotton, and has prosecuted this appeal.

(1)   The Attorney General has confessed error because in his opinion the testimony is not legally sufficient to support the verdict.   In the State's brief it is said: "There is absolutely no proof that the cotton which defendant sold was the same cotton that was stolen the night before, and the evidence which shows that the person who stole the cotton drove a team of mules, refutes the idea that defendant stole it, for the reason that the next morning he was driving a team of large horses, and there is further evidence that his father did not own a team of mules at that time."

The testimony shows that the cotton was stolen at night, and that it was hauled from a point near the pen from which it was taken in a wagon drawn by two mules. Appellant lived in the neighborhood and admitted hauling a load of cotton into Monette very early in the morning after the cotton had been stolen and selling it there but he claimed that the cotton hauled by him had been given to him by his father.   He was suspected and arrested, but escaped immediately from the officers and was a fugitive from justice for several years.   Appellant proved that the team driven by him was two large horses, and he introduced testimony to the effect that his father

had no other team and did not in fact have a team of mules at that time. The theory of the State was that a team of mules had hauled the cotton from the pen and that a team of horses had hauled the cotton to Monette where it was sold.

Appellant's mother testified that appellant did not own a team of any kind, and that appellant's father, with whom appellant lived, owned only a team of horses.

This testimony unquestionably tended to show that appellant did not steal the cotton, as he did not have the teams, if that testimony were true, to make the change which he must have made if he was in fact guilty. But it can not be said that this testimony is undisputed. In fact, a witness named Rip Helms testified in rebuttal that appellant's father did own a team of mules at the time. Upon the cross-examination of this witness he was asked:

"Q. If his (appellant's father's) wife said that he didn't have any mules at the time this cotton was stolen, then she has lied about it or she is mistaken and didn't know?

"A. She is undoubtedly mistaken.

"Q. Then you say that you ought to know about his affairs and the teams he owned better than his wife did?

"A. Well, he hauled the cotton with them.

"Q. How do you know they were his?

"A. Well, he tried to sell them to me.

"Q. When?

"A. The fall he bought them and in the summer."

It must be confessed that the testimony considered as a whole is unsatisfactory, but, when given its highest probative value, together with the inferences reasonably deducible therefrom, we can not say that it is not sufficient to support the finding of guilt, and the confession of error is therefore not sustained.

(2) Reversal of the judgment is asked because of the refusal of the court to give the following instruction:

"Instruction No. 1. You are instructed that when the State relies wholly upon circumstantial evidence, as in this case, to justify a conviction of a person charged with a crime, then such chain of circumstances, as a matter of law, must not only be inconsistent with the defendant's innocence, but must be so convincing of his guilt as to exclude every other hypothesis, and must establish in the minds of the jury an abiding conviction of a moral certainty, of the truth of the charge, and unless this is done in this case, then it is your duty to acquit the defendant."

It is said that authority for this instruction is found in the case of *Davis & Thomas* v. *State,* 117 Ark. 296, and that as no instruction was given on the manner of weighing circumstantial evidence the judgment must be reversed. In answer to this contention, it may be said that we did not in the case of *Davis & Thomas* v. *State, supra,* approve the instruction set out as a correct declaration of the law to be given in every case. We merely said there that no error was committed in refusing to give an instruction which elaborated the duty of a jury in weighing circumstantial evidence because that feature of the case was covered by the instruction set out above, which was given.

Indeed, in the case of *Jones* v. *State,* 61 Ark. 88, it was held not to be error to refuse an instruction that before a defendant could be convicted upon circumstantial evidence the jury must find that the circumstances proved established the guilt of the defendant to the exclusion of every other reasonable hypothesis except that of guilt, if the jury were properly instructed as to the burden of proof resting upon the State and as to reasonable doubt. See, also, *Green* v. *State,* 38 Ark. 304; *Thompson* v. *State,* 130 Ark. 217.

Moreover, the instruction requested is materially different from the one given in the case of *Davis & Thomas* v. *State, supra.* There it was said the circumstantial evidence "must be so convincing of their guilt as to exclude every other *reasonable* hypothesis. * * *"

The instruction here omits the word ''reasonable,'' and as requested would therefore have required that the testimony exclude every other hypothesis—which would mean to a mathematical certainty; and the law imposes no such requirement.

The court did instruct the jury that appellant could not be convicted if there was a reasonable doubt about his guilt; and if it was thought that the law of that subject was not sufficiently amplified a correct instruction should have been asked, and as this was not done, appellant is in no position to complain that the one given was not as full and complete as it should have been. *Lackey* v. *State,* 67 Ark. 416.

Finding no prejudicial error, the judgment is affirmed.