## HOLMES *v.* STATE.

### Opinion delivered July 5, 1920.

1. CRIMINAL LAW—POSTPONEMENT FOR ABSENCE OF SENIOR COUNSEL.—It was within the trial court's discretion to refuse to postpone a criminal trial on account of the absence of defendant's senior counsel.

2. CRIMINAL LAW—VENUE—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a finding that certain hogs were stolen from the county of the venue.

3. CRIMINAL LAW—CIVIL JUDGMENT NO BAR.—In a prosecution for larceny of hogs, the record of a replevin suit between the alleged owner and one who purchased the hogs from defendant, resulting adversely to the alleged owner, was incompetent to show the ownership of the property alleged to be stolen.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Morrow & Gatling,* for appellant.

1. It was error to force defendant to trial in the absence of his counsel, to his prejudice.

2. The court refused to permit defendant to introduce in evidence the judgment of the justice of the peace of Wodruff County. This judgment was *res judicata* as to the ownership of the hogs claimed to be stolen, and a bar to the criminal prosecution, and it was error also to refuse to permit counsel for defendant to ask the witness

Coopwood if he did not bring a suit in replevin in Woodruff County for. the hogs in question.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. No proper motion was filed for a continuance showing that due diligence had been used, or that there was any abuse of thè court's discretion in refusing a continuance on account of the attorney's absence. 90 Ark. 1; 95 *Id.* 62; 23 Cal. 105; 10 Ga. 85.

2. The record of the justice was not admissible in evidence, as appellant was not a party to the suit. Wharton on Evidence, § 776-7; 35 Fed. 107. A judgment in a criminal action can not be given in evidence in a civil action to establish the truth of the facts on which it is rendered. 35 Fed. 107; 72 Vt. 253; Black on Judg., § 529. The converse is also true. *Ib.*

3. The evidence fully sustains the judgment.

MCCULLOCH, C. J. This is an appeal from the judgment of conviction under an indictment charging appellant with the crime of grand larceny, alleged to have been committed by stealing certain hogs, the property of Henry Coopwood.

The first ground for reversal urged is that the court erred in compelling the accused to go to trial in the absence of one of his attorneys. The law firm of Morrow & Gatling, of the Forrest City bar, were employed to represent appellant in his defense, but it appears from the record that Mr. Morrow was absent when this case was called, being in attendance on the Federal Court at Helena. He had been summoned as a witness in that court. When the case was called for trial, Mr. Gatling requested a postponement of the case until Mr. Morrow's return, but the court refused to grant it and the trial proceeded to final judgment in the absence of Mr. Morrow. This was a matter fairly within the discretion of the court, and it does not appear that there was any abuse of the discretion.

The indictment was returned by the grand jury of St. Francis County on September 20, 1918, and the trial occurred at the March term, 1920—two terms of court having intervened between the return of the indictment and the trial of the cause. The convenience or necessity of counsel in a case can not always be accommodated by postponement of the trial, and it was a matter within the discretion of the court in the present case. The accused was represented at the trial by the junior member of the firm of Morrow & Gatling, and it was a matter within the court's discretion to decide whether or not under those circumstances it was proper to postpone it for the return of the senior member. In the exercise of the court's discretion in such matters, it is not a question of whether the accused is represented by any particular counsel, but if he is represented by counsel of his own choice the question is whether there should be a postponement to permit the presence of other counsel. We do not find any reversible error in this ruling of the court.

It is next contended that the evidence was not sufficient to sustain a finding that the crime was committed in St. Francis County. Coopwood, the owner of the stolen property, testified that he resided in St. Francis County, about three and a half miles east of the Woodruff County line and that the hogs ranged about a mile or a mile and a quarter west of his house. He testified that he missed the hogs from the range, and after a search found six of them in the possession of a Mr. Mitchell, at McCrory in Woodruff County. He identified the hogs as his own which he had missed from the range. His testimony was sufficient to warrant the finding that they were his hogs and that the mark had been changed. It is earnestly argued that the evidence was not sufficient to warrant the jury in finding that the hogs were stolen in St. Francis County, as they were near enough the Woodruff County line to range over in that county. We are of the opinion, however, that the facts and circumstances related by the witness Coopwood were sufficient to warrant the inference that the hogs

ranged in St. Francis County and were stolen there. According to the testimony of Coopwood the hogs ranged about two miles east of the Woodruff County line. Appellant admitted that he .sold the hogs to Mitchell and testified that they were his own property, and that he had raised the hogs. This, however, was a question of fact for the determination of the jury. We think that the evidence was legally sufficient to sustain the verdict.

It is lastly contended that the court erred in refusing to permit appellant to introduce in evidence the record of a replevin suit between Coopwood and Mitchell, in which the hogs were adjudged to be the property of Mitchell. It appears from the record introduced that Coopwood brought a replevin suit before a justice of the peace against Mitchell to obtain possession of the hogs and that the trial resulted in Mitchell's favor. Appellant offered this testimony as an adjudication of the fact that the hogs alleged to have been stolen were the property of Mitchell under his purchase from appellant. The evidence was not competent, and the court was correct in excluding it. The judgment in the replevin suit was not a bar to the prosecution by the State for the larceny of the property. The civil case was between third parties who had no connection with the record in this criminal prosecution. Under no rule of evidence would that adjudication be binding on the State or the defendant in this case, nor is it *prima facie* evidence of ownership of the property alleged to have been stolen. 2 Wharton on Evidence, § 776.

There is nothing in the record to call for a reversal, and the judgment is therefore affirmed.