## LYNN *v.* STATE.

Opinion delivered November 23, 1925.

1. INTOXICATING LIQUORS—MAKING MASH—EVIDENCE.—In a prosecution for making mash suitable for distillation of alcoholic liquor, evidence *held* to sustain a finding that accused made the mash and that it was of the kind suitable for distillation of alcoholic liquor.

2. INTOXICATING LIQUORS—MAKING MASH—ALCOHOLIC CONTENT.—The crime of making mash suitable for distillation may be committed, though the process had not advanced to the stage where the mash was alcoholic.

3. INTOXICATING LIQUORS—MAKING MASH—EVIDENCE.—Testimony concerning finding bottles of whiskey in defendant's house and of his having sold whiskey about the time of the alleged offense was admissible in a prosecution for making mash suitable for distillation of alcoholic liquor.

4. CRIMINAL LAW—SIMILAR CRIME—EVIDENCE.—In a prosecution for making mash suitable for distillation of alcoholic liquor, testimony of officers that they found mash on a previous search of defendant's premises or locality was admissible.

5. CRIMINAL LAW—INSTRUCTION ON CIRCUMSTANTIAL EVIDENCE.—In a criminal prosecution an instruction on circumstantial evidence was proper where the State's case depended largely on evidence of that character.

6. CRIMINAL LAW—COMPETENCY OF EXPLANATORY EVIDENCE.—In a prosecution for making mash suitable for distillation of alcoholic liquor, a preliminary statement of a witness that he received information that a man was going to defendant's house to buy whiskey, and that he went there to catch the person, made in explanation as to why he went to defendant's house, *held* proper and in any event not prejudicial.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum,* Judge; affirmed.

*Holland, Holland & Holland* and *E. M. Ditmon,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was convicted of the charge of making mash suitable for distillation of alcoholic liquor, and he contends on this appeal from the judgment of conviction that the evidence was not sufficient to sustain the verdict.

The sheriff and one of his deputies and a prohibition officer testified that on information of violations of the prohibition laws they went to appellant's house, and, on search of the locality, found a forty-gallon barrel of fresh mash secreted about 125 steps from appellant's back door; that they found other barrels of fresh mash— one about 250 yards from appellant's house, and another about one-fourth of a mile from his house. They testified that, when one of the deputies found the barrel about 250 yards distant from appellant's house, he claimed that it was an old barrel that he had been plowing over. It was in a potato patch that appellant claimed to be cultivating, and the officers stated that it was fresh mash suitable for distillation of alcoholic liquor. There was a plainly

marked trail, according to the testimony of these witnesses, from appellant's back door to the place where the first barrel was found. On search of appellant's house, the officers found three bottles in his kitchen cabinet, each containing some whiskey. The evidence was, we think, sufficient to sustain the finding that appellant made the mash, and that it was of the kind described in the statute.

It is contended that the proof fails for the reason that it does not show that the mash contained alcohol. This is not essential to a conviction, for the purpose of the statute was to make it a criminal offense to make mash suitable for distillation of alcoholic liquors, even though it had not, in fact, reached, in the process of manufacture, the alcoholic or intoxicating state. *Rinehart* v. *State*, 162 Ark. 520.

It is also contended that the court erred in admitting testimony concerning the finding in appellant's home of bottles containing whiskey and of the sale of whiskey by appellant about that time. This testimony was competent, not for the purpose of showing appellant's guilt of the unlawful sale of whiskey, but as tending to show that he was guilty of the crime charged in the indictment.

The court admitted testimony of the officers to the effect that, on a search of appellant's premises or locality on a previous occasion, they had found barrels of mash. This was competent, not to show a previous offense, but as tending to establish the charge in the indictment. Appellant was not arrested on the former occasion, but the fact that barrels of mash were found in his immediate locality on a previous occasion was competent to show that he was engaged in the business of making mash for the purpose of distillation of alcoholic liquor.

An instruction of the court on the subject of circumstantial evidence is assailed as error. It is not contended that the instruction is incorrect as an abstract state-

ment of the law, but that it was inapplicable to this case, but we are of the opinion that the instruction was correct and was applicable in view of the fact that the State's case depended largely upon circumstantial evidence.

Finally, it is contended that the court erred in permitting witness Shaw, who was sheriff of the county, to testify that he had received information that a man was going out to appellant's house to buy whiskey, and that he went out there for the purpose of catching the person, but that the person had not reached there when the officers arrived. This statement of the witness was a preliminary one in explanation as to why he went to appellant's premises, and we think that it was competent for the witness to state those explanatory facts. At any rate, there was no prejudice in allowing the witness to make the statement.

We find no error in the record, and the judgment is therefore affirmed.