NEWCOMB *v.* STATE.

Opinion delivered June 11, 1928.

*McMillan & McMillan,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, C. J. Tommie Newcomb prosecutes this appeal to reverse a judgment of conviction against him for making mash suitable for use in the distillation of alcoholic liquors, in violation of the statute.

The first assignment of error is that the evidence is not legally sufficient to warrant the verdict.

According to the testimony of the sheriff of Clark County, he saw the defendant putting mash into two ten-gallon crocks buried in the ground, near his residence in Clark County, Arkansas. The ingredients of the mixture were water, sugar and meal, and it tasted like mash. The witness then went to the house of the defendant, and found a quart of moonshine whiskey there. He also saw some backings in the backyard which smelled just like backings that they pour out of a still after making mash.

Another witness for the State, who was present, stated that the defendant was pouring meal out of a bucket into the jars which had been buried in the ground, and was stirring the mixture with a paddle. The ingredients in the jars consisted of water, sugar and meal. The defendant was pouring scalded meal out of a bucket into the ten-gallon jars which had been buried in the ground. This witness also corroborated the testimony of the sheriff to the effect that a quart fruit-jar of moonshine whiskey was found in the defendant's house. This witness also said that the mash containing water, sugar and meal possessed by the defendant was the kind of mash that moonshine whiskey is made out of.

This testimony, if believed by the jury, was sufficient to warrant a verdict of guilty. It is true that the defendant testified that he was just simply making some home brew, and did not intend to make any intoxicating liquor. Under the circumstances the jury was warranted in not believing his testimony. The fact that he had a quart of moonshine whiskey at his house warranted the jury in believing that he intended to manufacture the mash into moonshine whiskey. The witnesses for the State also testified that they found some backings in his backyard which were the kind poured out of a still after making mash. It is not essential for a conviction, under the statute in question, that the mash suitable for distillation of alcoholic liquors had not in fact reached the alcoholic stage. *Lynn* v. *State,* 169 Ark. 880, 277 S. W. 19,

The next assignment of error is that the court erred in allowing the State to prove the finding of whiskey at the defendant's house. This testimony was competent as tending to show that the defendant intended to manufacture the mash into alcoholic liquors. *Herren* v. *State,* 169 Ark. 636, 276 S. W. 365; and *Lynn* v. *State,* 169 Ark. 880, 277 S. W. 19.

The next assignment of error is that the court erred in refusing to tell the jury that it was lawful for the defendant to have intoxicating liquors in his possession, and in making this contention the defendant relies upon the case of *Dickerson* v. *State,* 161 Ark. 60, 255 S. W. 873. Since the decision in that case the Legislature has passed an act prohibiting the possession of intoxicating liquors in a private residence for the purpose of sale as a beverage. General Acts of 1925, p. 363. Hence this assignment of error is not well taken.

Finally it is insisted that the court erred in refusing instruction No. 3 at the request of the defendant, which told the jury that, before they could convict the defendant, all the facts and circumstances, when taken together, must be inconsistent with any reasonable hypothesis except that he is guilty. This court has held that it is not error to refuse to give this instruction, where the State did not rely entirely upon circumstantial evidence. *Bartlett* v. *State,* 140 Ark. 553, 216 S. W. 33; *Rogers* v. *State,* 163 Ark. 252, 260 S. W. 23; and *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d.) 946.

We find no prejudicial error in the record, and the judgment will be affirmed.