JOHNSON v. STATE.

Opinion delivered September 24, 1928.

1052

C. T. Carpenter, for appellant.

H. W. Applegate, Attorney General, and Effie Combs, Assistant, for appellee.

KIRBY, J.  Appellant prosecutes this appeal from a judgment of conviction for selling intoxicating liquors, and has abandoned all assignments of error save one— that the court erred in permitting the introduction of incompetent testimony.

Indictment was returned on the 29th day of November, 1927, and charged the sale to have been made on the 26th day of July, 1927.

Two witnesses testified that they purchased a pint of whiskey from appellant on the 26th day of July, and the sheriff was allowed to testify, over objections, that he had made a search of the defendant's premises since he was arrested for the sale of the whiskey, and found six pints of liquor and a number of large containers in his house, on September 17, 1927.

The court overruled the objection to the introduction of this testimony, stating: "The jury will determine whether it sheds light on the kind and character of business he was engaged in."

This testimony was admissible as tending to throw light upon the transaction and the kind and character of business that appellant was engaged in, and the court's statement that the jury would determine this matter was sufficient to prevent the jury's consideration of the testimony for any other purpose.  Sections 3019 and 3013, par. 2, C. & M. Digest; Casteel v. State, 151 Ark. 69, 235 S. W. 386; Tong v. State, 169 Ark. 708, 276 S. W. 1004; Lynn v. State, 169 Ark. 680, 277 S. W. 19; Taylor v. State, 169 Ark. 589, 276 S. W. 577.

The testimony is sufficient to support the verdict, and the judgment is affirmed.