MALONEY *v.* STATE.

Opinion delivered April 14, 1930.

*Jeff Bratton,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

BUTLER, J. Appellant was tried and convicted on a charge of selling whiskey, and sentenced to serve one year in the penitentiary. He urges, for reversal of the judgment, error of the court in refusing to grant a continuance because of the absence of his attorney, and because the evidence was not sufficient to support the verdict, and for admission of improper testimony.

The indictment was returned on the 4th day of December, 1929, and on the 9th he appeared, by his attorney, and filed a motion for continuance, because of the sickness of his attorney, M. P. Huddleston. The motion itself discloses that the attorney was seriously sick at the time he was alleged to have been employed. It is also disclosed by the record before us that he was represented by an attorney at the time of filing his motion, and that the same attorney represented him in the trial of his case. There was no abuse of discretion in the trial court in the refusal to grant the continuance.

The appellant also argues that the court erred in permitting a witness to testify that, previous to the transactions which resulted in the indictment, he had made search of defendant's premises on two occasions, one about four or five months, and one about two or three months before the alleged date of the sale for which defendant was indicted, and found whiskey and empty containers, which had an odor of whiskey.

In permitting the introduction of this testimony the court cautioned the jury not to consider it as evidence showing the sale with which defendant was charged, but only as tending to show the business in which defendant was engaged, and in its instructions the court renewed its caution to the jury. With the cautionary charge, there was no error in the admission of this testimony. *Taylor v. State,* 169 Ark. 589, 276 S. W. 577; *Newcomb v. State,* 177 Ark. 509, 7 S. W. (2d) 802; *Johnson v. State,* 177 Ark. 1051, 9 S. W. (2d) 233; *Evans v. State,* 177 Ark. 1076, 9 S. W. (2d) 320.

We have examined the record, and find that there was substantial testimony to support the verdict. An eyewitness testified positively to seeing appellant make the sale of the liquor, and this testimony is corroborated by other testimony in the case. While there was testimony tending to impeach the eyewitness, and show that her reputation for truth and morality was bad, and there was also testimony contradicting her statements, the jury were the sole judges of the credibility of the witness, and it was their province to pass upon the conflicts in and the weight of the testimony, and the fact that the testimony is conflicting, and that there was evidence tending to impeach the veracity of the State's witness, furnishes no grounds for reversal. This rule of law has been many times declared by this court, .and the judgment of the court below will be affirmed.