BLEVINS *v.* STATE.

Opinion delivered July 7, 1930.

110

■■■■■■■■

*Rice & Rice,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellant was convicted for manufacturing liquor and sentenced to one year in the penitentiary. For a reversal of the case, it is first argued that the evidence is insufficient to support the verdict. On the day of the arrest, the sheriff and two deputies, who had received information that appellant was making liquor, went to the home of appellant, but he was absent. They made a search and saw appellant's wife pour out some whiskey into the water trough. They then went up in the hollow north of appellant's house about one-half mile and found him and his son at a still making liquor. Appellant ran away, but the sheriff, who was only about fifty yards away, saw him plainly and positively identified him as being present. The son started to run but stopped. Appellant's team was standing there near the still. When arrested at his home a short time later his clothes were wet, indicating he had traveled through the wet bushes recently as it had rained that morning. The deputies testified they thought it was appellant who ran away from the still. On the other hand, appellant denied that he had anything to do with the still, that he was there

when the officers arrived, and offered evidence of an alibi. The son testified that his father was not there and had nothing to do with the still, that he was employed by Roy Wells to haul a sack of sugar and two barrels to the still, which he did.

Although the evidence was in sharp dispute, the question of appellant's guilt or innocence, as also his identity, was properly submitted to the jury, and its verdict against him on appeal is binding on this court.

The court instructed the jury in the language of the statute, declaring it to be unlawful for any person to manufacture, sell or give away, or be interested, directly or indirectly, in the manufacture, sale or giving away of any alcoholic liquor. (§ 6160, C. & M. Digest.) Complaint is made of this instruction on the ground that he was charged with manufacturing only and that the statute covered many other offenses than manufacturing. The court, immediately following the reading of the statute, told the jury that if they found from the evidence, beyond a reasonable doubt, that appellant "did manufacture or was unlawfully and feloniously interested in the manufacture of any amount of alcoholic liquors or intoxicating spirits," they should find him guilty, otherwise not. The effect of the whole charge embraced in instruction No. 2 complained of is to limit the question of his guilt or innocence to the charge in the indictment, that of manufacturing. Therefore no prejudice could have resulted from reading said section to the jury.

In defining a reasonable doubt, the court used this language, which is objected to: "The court does not mean a far-fetched doubt or chimerical doubt or a doubt hatched up for the purpose of an acquittal." No specific objection was made to this language, and we think it not open to a general objection, if objectionable at all.

Complaint is also made of the refusal of the court to give appellant's requested instruction on circumstantial evidence. No error was committed in this regard. The State did not rely wholly on circumstantial evidence, and

it has been frequently held that it is not error to refuse an instruction of this kind where the court properly instructed the jury on reasonable doubt and the presumption of innocence. *Bost* v. *State,* 140 Ark. 254, 215 S. W. 615; *Conley* v. *State,* 176 Ark. 654, 3 S. W. ('2d) 980; *White* v. *State,* 176 Ark. 771, 4 S. W. (2d) 9.

Finally it is said the court erred in refusing to permit appellant to prove his reputation for truth and veracity. The witnesses offered for this purpose were permitted to testify to his good reputation for being a law-abiding citizen. Appellant's reputation for truth and veracity was not involved in the charge against him, nor did the State attack his reputation in this regard, but his reputation as a law-abiding citizen was involved. Therefore it was not error to exclude this evidence. See 16 C. J., p. 582, § 1124; Underhill's Crim. Ev. (3d ed.), p. 171, § 136.

Judgment affirmed.