ANDERSON *v.* ERBERICH.

4-4868

Opinion delivered January 10, 1938.

*Edward H. Patterson,* for appellant.
*Warner & Warner,* for appellee.

SMITH, J. This litigation arose out of a collision between a truck driven by appellee and an automobile driven by appellant at the intersection of Twentieth street and Rogers avenue in the city of Fort Smith. Both parties were severely injured, and, as is usual in such cases, each excused himself of the charge of negligence and blamed the other for having been negligent.

Appellant employed E. H. Patterson and the law firm of Partain & Agee of Van Buren to sue appellee's employer for damages for such injuries, and that suit was brought in the Crawford circuit court. Appellee brought this suit to recover damages to compensate his injury in the Sebastian circuit court, and from a judgment against appellant in the sum of one thousand dollars is this appeal.

An answer filed by appellant to the complaint in the Sebastian circuit court denied all allegations of negligence and alleged the collision resulted from appellee's negligence, but no cross-complaint praying damages was filed. An instruction in the case, which will be set out, discloses the controlling controverted issues of fact.

It is first insisted that the Sebastian circuit court had no jurisdiction of the cause of action, for the reason that jurisdiction of the cause had been acquired by the previous suit filed in the Crawford circuit court. A sufficient answer to this insistence is to say that appellee was not a party to that suit.

The action of the court in refusing to grant a continuance is assigned as error. It is not questioned that the service in Sebastian county was complete and that an answer had been filed when the case was tried. It is insisted, however, that it was error to set the case for trial, as was done, in advance of cases which had been longer on the docket; but this was, of course, a matter within the discretion of the court. The assignment of error relating to the motion for a continuance might well be disposed of by saying that no abstract thereof appears in the briefs of appellant. It is not argued that

appellant had not had time to prepare for trial, or that any witness was absent. The argument is that Hon. G. O. Patterson, who is the senior member of the law firm of which E. H. Patterson is a member, was unable to be present at the trial on account of illness and that the cause should have been continued for that reason. No explanation is made of the failure of Partain & Agee, whose names are signed to the petition for removal of the cause to the federal court, to be present if their presence was desired at the trial. The name of G. O. Patterson was not signed to the answer. No error appears in this respect. *Holmes* v. *State,* 144 Ark. 617, 224 S. W. 394; *Adcock* v. *State,* 179 Ark. 1055, 20 S. W. 2d 120; *Maloney* v. *State,* 181 Ark. 1035, 27 S. W. 2d 94.

Error is assigned in giving instructions numbered 5, 9 and 11. Instruction numbered 5 reads as follows: "You are instructed that the duty rested upon the defendant, Anderson, in driving said automobile as he approached said intersection to exercise ordinary care in its operation, and in the exercise of such care it was his duty to keep a constant lookout for vehicles or persons who might be upon the street. Therefore, if you find from the evidence that the defendant, Anderson, failed or neglected to keep a constant lookout to avoid injury to the plaintiff, and that the plaintiff was rightfully using said street, and that such failure to keep a constant lookout on the part of the defendant proximately caused injury to the plaintiff, and that plaintiff was not guilty of contributory negligence, then it is your duty to return a verdict for the plaintiff."

Instruction numbered 9 is of similar purport, and no error was committed in giving these instructions. They conformed to the law as declared in the cases of *Duckworth* v. *Stephens,* 182 Ark. 161, 30 S. W. 2d 840; *Morel* v. *Lee,* 182 Ark. 985, 33 S. W. 2d 1110; and *Northwestern Casualty & Surety Co.* v. *Rose,* 185 Ark. 263, 46 S. W. 2d 796.

Instruction numbered 11 declared the measure of damages in case defendant was found responsible for the collision, and directed the jury, in that event, "to

assess such damages as will compensate him for the injuries received, if any, as proven from the evidence." The objection to this instruction is that "It more or less intimates to the jury that the matters have been proven. It submits the matter in past tense, and suggests that the burden has been met by the plaintiff." No such objection was made at the trial, and in the absence of this specific objection the instruction cannot be said to be erroneous.

Appellant states in his brief that "Before the trial commenced and at the time jurors were being examined for service counsel for the plaintiff questioned the panel as follows: 'Q. Are any of you represented by the firm of Partain & Agee?' The defendant at the time objected and the objection was overruled by the court." There was no error in this ruling. Counsel had the right to have this information in determining what peremptory challenges he should exercise.

Upon the cross-examination of appellant he was asked: "It is a fact that you filed a lawsuit against the Ward Ice Cream Company (the owner of the truck which appellee was driving when the collision occurred) at Van Buren represented by Partain & Agee and Mr. Patterson to recover from them $15,000 for alleged injuries growing out of this accident?" The witness answered that he had, and, in answer to another question, stated that the suit was pending at that time.

In the argument before the jury counsel for appellee, in referring to this testimony, said: "The defendant has brought a suit against the plaintiff's employer in the circuit court of Crawford county for damages arising out of the collision sued for in this action, and it is, therefore, important for plaintiff to win this suit to keep him from taking him to a cleaning in the Crawford circuit court when this case is tried." An objection to this argument was made and overruled. It was an admitted fact that such a suit was pending. The defendant in this case was the plaintiff in the other. It was not improper, therefore, for counsel to comment upon the interest of the respective parties, as each was

endeavoring to recover a judgment to compensate his injuries. The complaint in the suit in the Crawford circuit court had been introduced in evidence without objection. Counsel's argument did not, therefore, contain any statement of a fact not already in evidence and undisputed. Defendant had filed no cross-complaint in the instant case, as he might have done. Had appellant prevailed in this case he might thereafter have prevailed in the other suit against appellee's employer. Section 786, Freeman on Judgments, Vol. 2, 5th Ed.

The word "cleaning" employed by counsel was more forcible than elegant. But the failure of the trial court to make this distinction cannot be said to be an abuse of the discretion which those courts have in the conduct of trials. Plaintiff was entitled to recover judgment if his testimony was believed and accepted as a truthful narrative. He was not entitled to recover if defendant's testimony was accepted as true. There was a conflict in the testimony which could not be reconciled. The jury was required to accept the testimony of one of the parties and reject that of the other. The rejection of appellee's testimony would have adjudged him a reckless driver, unworthy alike to be believed or to be entrusted with future similar employment. It was a mere expression of opinion that if the jury engaged in the trial of this case should reject appellee's testimony another jury in another trial would not credit it. This may or may not have been sound logic, but that was a question for the jury. Our duties would be greatly expanded if we were required to pass upon the soundness of conclusions which opposing counsel sought to have deduced from the testimony. We are cited by opposing counsel to a number of opinions by this court which have considered whether a particular argument was erroneous and prejudicial. But, without reviewing them, we state their effect to be that, while counsel may not state a material fact as being within his own knowledge without becoming a witness and subjecting himself to cross-examination, he may express his opinion concerning testimony admitted.

The judgment in this case is very moderate considering the extent and severity of appellee's injuries and the suffering which he has endured. The argument was not of an inflammatory nature, calculated to induce an increase of damages by way of punishment, and we have concluded that the judgment should not be reversed on account of it.

Upon the whole case we find no prejudicial error, and the judgment must be affirmed, and it is so ordered.