MONDIER *v.* STATE.

4432                                              198 S. W. 2d 177

Opinion delivered December 16, 1946.

Rehearing denied January 13, 1947.

934

*Rains & Rains* and *Hardin, Barton & Shaw*, for appellant.

*Guy E. Williams*, Attorney General, and *Earl N. Williams*, Assistant Attorney General, for appellee.

ROBINS, J. Appellant, Bill Mondier, Orville Wayne Sloan and Jerry McCabe were jointly charged in information filed by the prosecuting attorney with the offense of murder in the first degree, it being alleged that on March 18, 1946, Jerry McCabe feloniously, after premeditation and with malice aforethought, stabbed Gerald Bradley to death with a knife, and that Sloan and appellant were present and unlawfully assisted Jerry McCabe in committing said murder. Motions for severance and for bill of particulars were filed by appellant. The motion for severance was sustained; and the prosecuting attorney filed bill of particulars alleging, among other things, that appellant, Sloan and McCabe, by common agreement, assaulted Gerald Bradley, Vernon Bradley and James Bradley, and that while they were engaged in

this common difficulty appellant aided Jerry McCabe in the slaying by attacking Vernon Bradley.

Sloan was tried first and his conviction of murder in the second degree, with sentence to imprisonment in the penitentiary for five years, was affirmed by us on November 25, 1946. See *Sloan* v. *State, ante,* p. 739, 197 S. W. 2d 757.

Appellant was found guilty by a trial jury of the crime of voluntary manslaughter and from judgment sentencing him to confinement for five years in the penitentiary he prosecutes this appeal.

For reversal it is argued by appellant: 1. That the testimony is insufficient to support the verdict. 2. That the court erred in its instructions to the jury.

1.

The testimony on behalf of the State tended to establish these facts: On the night of the fatal difficulty appellant, in company with McCabe and Sloan, attended a dance at the V.F.W. hall in Fort Smith. Appellant and his two companions left the dance and went to a nearby place called "The Spot," presumably to obtain drinks. They were denied admittance because, on account of the lateness of the hour, the doors had been closed. Jack Barker, son of the proprietor, went to the door, and was invited on the outside by someone standing in front of the door and as soon as he went out he became engaged in a fight with some person in the crowd. The three Bradley brothers, James, Vernon and Gerald, were drinking beer on the inside of "The Spot," where they were when the front door was closed. After Barker left the Bradley brothers also went out, and as they went out they were attacked. James Bradley testified: "Someone kicked and pounded on the door after it was closed and the boy behind the bar went to the door and stepped outside and shoved and came back in. We went outside. Vernon went outside and then Gerald and I came. When we got out Vernon was in the middle of the street and his head was cut on the side. Gerald and I went to his

side .and some man hit me in the stomach. It was Sloan and he had cut me. At the same time Gerald was fighting with McCabe and was cut. I was hit and knocked about twenty feet. None of us provoked any difficulty and me and my brothers were sober. The fight lasted about two minutes after I arrived. Sloan cut me and McCabe cut my brother Gerald and Mondier engaged Vernon.'' The testimony of Vernon Bradley was to the same effect.

While appellant testified that he went from the dance hall to his car and did not engage in the difficulty at all, this contradiction of the testimony of witnesses for the State was one for the jury to settle. The jury saw fit to accept the. testimony of the two brothers of deceased and this determination is binding on us. *Blankenship* v. *State,* 178 Ark. 1199, 10 S. W. 2d 25; *Patterson* v. *State,* 179 Ark. 309, 15 S. W. 2d 389; *Maloney* v. *State,* 181 Ark. 1035, 27 S. W. 2d 94; *Blevins* v. *State,* 182 Ark. 109, 30 S: W. 2d 851; *Shank* v. *State,* 189 Ark. 243, 72 S. W. 2d 519; *Burnett* v. *State,* 197 Ark. 1024, 126 S. W. 2d 277.

It is earnestly insisted by appellant that there is no proof of any concert of action between appellant and his two companions, and that, even if the testimony of appellant is disbelieved and the version of James and Vernon Bradley accepted, it was shown that the difficulty between appellant and Vernon Bradley was in no way connected with the attack of McCabe on Gerald Bradley. It was not required, in order that the concert of action be established, that the State prove the plan for such action by direct testimony. ''It is not necessary, however, in order to establish a conspiracy, to prove the unlawful combination between the parties by direct evidence. This may be shown by circumstances. In the case of *Chapline* v. *State,* 77 Ark. 444, 95 S. W. 477, it was held that a conspiracy might be inferred, although no actual meeting among the parties is proved, if it be shown by testimony that the persons pursued by their acts the same unlawful object, each doing a part, so that their acts that were apparently independent were in fact connected.

*Parker* v. *State,* 98 Ark. 575, 137 S. W. 253; *Dickerson* v. *State,* 105 Ark. 72, 150 S. W. 119.

We conclude that the jury was justified in finding, as the verdict indicates it did, that the fights between the different participants were but a part of a mutual plan on the part of appellant, Sloan and McCabe to engage in combat with those coming out of "The Spot," and that when, as James Bradley put it, "Mondier engaged Vernon," he was carrying out a part of the mutual effort and his attack on Vernon was calculated to put Vernon *"hors de combat,"* and thereby render him incapable of going to the aid of his brother, Gerald, who was slain by McCabe. This being true, appellant was guilty of the unlawful killing of Gerald, even though he may not have had a specific design to take the life of deceased. In the case of *Carr* v. *State,* 43 Ark. 99, this court quoted with approval from Bishop, Criminal Law, § 636: " 'When, therefore, persons combine to do an unlawful thing, if the act of one, proceeding according to the common plan, terminate in a criminal result, though not the particular result meant, all are liable.' "

### 2.

Appellant urges that the lower court erred in its instructions to the jury in not confining the "aiding and abetting" for which appellant might be found guilty to the specific act charged in the bill of particulars, that is, assaulting Vernon Bradley. In instruction No. 18, given by the court at the request of appellant, the court said: "You are instructed that before you can convict the defendant, Bill Mondier, as an accessory before the fact of any homicide or any degree of unlawful killing, you must find beyond a reasonable doubt the following: First, that a homicide or unlawful killing was committed at the time and place alleged in the information by the said Jerry McCabe and, second, that there existed between the defendant, Mondier, and Orville Wayne Sloan and Jerry McCabe, prior to said unlawful killing, if any, a common agreement and understanding to provoke and bring on a difficulty and to assault Gerald Bradley, and his compan-

ions, Vernon Bradley and James Bradley, and, third, that in pursuance of said common agreement and understanding, if any, the defendant, Bill Mondier, assaulted Vernon Bradley and in so doing was aiding, abetting and assisting in a common design and purpose to provoke and aggravate an assault on the deceased, Gerald Bradley, and his companions. Unless you find each and all of the above propositions beyond a reasonable doubt you are instructed it is your duty to return a verdict of not guilty. as to the defendant, Mondier.''

In this instruction the court plainly told the jury that before the appellant could be convicted the jury must find that appellant committed the very acts with which he was charged in the information. The instructions given by the lower court fully and fairly presented to the jury the law applicable to the case.

No error appearing the judgment of the lower court is affirmed.