William TERRY *v.* STATE of Arkansas

CR 81-29                                                     621 S.W. 2d 476

Supreme Court of Arkansas
Opinion delivered September 28, 1981

*Jack R. Kearney,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant appeals from a judgment of the Washington Circuit Court, case no. 74-387, denying his petition for post-conviction relief under Rule 37 of the Rules of Criminal Procedure. The public defender was appointed to represent appellant, but appellant's motion to proceed pro se was granted by the circuit judge on

condition that the public defender be present and available at the hearing. During the proceedings the public defender assumed an active role with appellant's approval.

On May 6, 1975, appellant was convicted of burglary and grand larceny in case no. CR 74-387. He was committed to the Department of Corrections on May 9, 1975, and paroled on December 18, 1975. Appellant was again accused of a burglary committed on February 7, 1977, and was tried and convicted of that crime on April 25, 1977, in case no. CR 77-50. The public defender represented appellant in both cases and continued to represent him in 77-50, but not in 74-387, having been relieved by order dated May 21, 1975, on a finding that appellant intended to retain other counsel on appeal.

On or after June 2, 1980,[1] appellant filed, pro se, a Rule 37 petition in CR 74-387, alleging ineffective assistance of counsel, that the jury was unconstitutionally impanelled, that he was subjected to double jeopardy in that he was convicted of two crimes for a single incident, and that he was denied a speedy trial and the benefit of voir dire examination.

On August 27, 1980, an amended Rule 37 petition was filed, pro se, setting out additional grounds for relief and alleging that appellant had attempted to file a Rule 37 petition directly with the then circuit judge, Judge Cummings, who forwarded it to the public defender, and that the public defender falsely advised appellant that the petition could not be filed until a pending appeal was disposed of. The trial court heard testimony and found the appellant had failed to prove his allegations by a preponderance of the evidence and that the Rule 37 petition was not filed before June 2, 1980, more than five years after appellant's commitment.

Appellant argues on appeal that the circuit court erred in finding that his Rule 37 petition was untimely, in

---

[1]No filing date appears on the petition, but the acknowledgement is notarized on June 2, 1980.

refusing his request for documentary evidence and additional witnesses; that he was denied effective assistance of counsel and the findings were against the preponderance of the evidence.

We first consider the timeliness of appellant's petition because unless it was filed within three years we do not reach the other arguments. *Collins* v. *State*, 271 Ark. 825, 611 S.W. 2d 182 (1981). Rule 37.2 (c) provides:

> A petition claiming relief under this rule must be filed in circuit court ... within three years of the date of commitment, unless the ground for relief would render the judgment of conviction void.

Here, it is evident that the time lapse between the commitment on May 5, 1975, and the date of the petition, June 2, 1980, *exceeds* the allowable period by over two years. No argument is made that the judgment is void, rather, it is urged that appellant "kept in frequent contact with his trial counsel" and "made several requests for post-conviction relief." He claims that he specifically requested in one letter that his counsel file a Rule 37 petition and made several requests for post-conviction relief in correspondence with the circuit judge and others.

This is a voluminous record, consisting of five volumes and 1170 pages, and appellant wrote a number of letters and drafted a number of pro se pleadings in both cases, but we can find no evidence, either in the abstract or the record, that he actually filed, or even tendered, a pleading that can be identified or rationally treated as a Rule 37 petition, at least in case CR 74-387. If such exists, it was incumbent on appellant to abstract it, or to point to the record where it can be found. He has done neither. See *Anderson* v. *Erberich*, 195 Ark. 321, 112 S.W. 2d 634 (1938). Appellant contends that this effort is evidenced by a letter from the public defender, Mr. John B. Baker, dated May 17, 1977, acknowledging appellant's request that his appeal "be under Rule 37." Mr. Baker's letter explains, correctly, that no action under Rule 37 can be taken until the *pending* appeal is decided. It is clear from the letter itself that it related to the appeal in *case 77-50*

and not to *case 74-387*. This is confirmed by Mr. Baker's testimony and by the fact that the public defender was not even representing appellant in case 74-387.

We do find a handwritten pleading from the appellant, again acting pro se, dated October 31, 1977, which is cited in appellant's brief as petitioner's exhibit 8, but it is not abstracted and according to the record (T. 128) was not received in evidence. We take it to be the petition that appellant claims he attempted to file with Judge Cummings, who forwarded it to the public defender. (T. 133). We mention it to point out that while it does relate to case CR 74-387, it makes no reference to Rule 37 or to post-conviction relief. The pleading bears no file stamp and it was refused in evidence because no foundation was laid. It is entitled "Affidavit of Error on Appeal" and essentially raises two points: that while appellant was in custody, Fayetteville police officers conducted an illegal search of his apartment, and that persons of a particular class or race were systematically excluded from the jury panel. Even if this were treated as a Rule 37 petition, the same arguments were considered by the circuit judge and found to be unsupported by the evidence. Thus, appellant has been heard on these same allegations and afforded the opportunity to present evidence.

There are letters from the appellant, mainly to the public defender, but they relate to other subjects. Mr. Baker testified that he found no request from appellant for post-conviction relief in his file on case 74-387 and we cannot find, either in the abstract or the record, letters from the appellant which bear out this assertion. Even if it could be supported it would be of doubtful effect as the burden is on the appellant to file a proper pleading within the three years allowed for post-conviction relief.

Much of the confusion of this record and the problems of this appeal stem from appellant having undertaken to represent himself. He has that right, but he has the onus as well. The wiser course would have been to accept the representation of the public defender, who evidently served him capably when appellant permitted him to do so. Even

so, and notwithstanding the lateness of the petition, the trial court considered appellant's petition on its merits after giving him an adequate opportunity to produce his evidence. We find no error in the proceedings.

The judgment is affirmed.