PIERCE *v.* STATE.

4189                                                    145 S. W. 2d 714

Opinion delivered December 16, 1940.

*Norton & Butler,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J. Appellant was convicted under an information charging him with having stolen 1,800 pounds

of seed cotton from Mrs. I. B. Stewart on September 15, 1939. The larceny was committed on the night of that date.

There were certain incriminating circumstances indicating that appellant had stolen the cotton. Explanations exculpating appellant were offered, which might have been accepted but for the testimony of Rogers Jack Joplin, who testified that he saw appellant loading the cotton in his truck. If this testimony is true, there can be no question but that appellant was the thief who stole the cotton.

In his defense appellant had attempted to prove an alibi, and in support of that defense offered testimony which, if true, would have made it impossible for him to have committed the larceny, as he was not in St. Francis county, where the crime was committed, at the time of its commission.

Appellant filed a motion for a new trial upon the ground of newly-discovered evidence. This motion was supported by the affidavits of five witnesses which were attached to the motion, as required by the rule stated in the case of *Rynes* v. *State,* 99 Ark. 121, 137 S. W. 800, and alleged that appellant did not know of the existence of this testimony in time to have presented it at the trial, and that the testimony could not have been ascertained and obtained by reasonable diligence. The motion was accompanied also by the affidavit of appellant's attorneys, showing affirmatively that they knew nothing of this newly-discovered evidence and could not, by any diligence, have discovered it. This newly-discovered evidence impeaches the testimony of Joplin, by showing that Joplin could not have seen appellant steal the cotton, for the reason that Joplin was with affiants in Forrest City at the time when he said he saw appellant loading the cotton in his truck. In overruling the motion, the court found "that the newly-discovered evidence brought forward at this time is cumulative, and could have been ascertained by the defendant prior to his trial by the exercise of reasonable diligence."

The practice to be pursued by trial courts in disposing of motions for new trials upon the ground of

newly-discovered evidence has been defined in numerous decisions of this court, and was re-stated in the recent case of *Clements* v. *State,* 199 Ark. 69, 133 S. W. 2d 844, and will not again be repeated.

It is thoroughly well settled that a new trial will not be awarded for newly-discovered evidence which is merely cumulative of other evidence offered at the trial. It follows, therefore, that the newly-discovered evidence of the five affiants would not suffice to require a new trial if their evidence tended only to sustain appellant's plea of an alibi. In that event it would be cumulative of other testimony to that effect offered at the trial. But the evidence of these affiants is not of that character. There was no testimony, except that of Joplin alone, to the effect that, at the time when he saw appellant loading the cotton in the truck, he (Joplin) was at a place where he could have seen the larceny committed. Appellant had, at the time of his trial, no knowledge of the fact that at the time the larceny was committed Joplin was in Forrest City, and could not have seen what he testified he saw. Proof of the fact that Joplin was then in Forrest City is not cumulative of any testimony offered at the trial. Nor do we understand how, by reasonable diligence, this newly-discovered evidence could have been discovered before the trial. The larceny occurred in a populous community, and Forrest City is a thriving city of the second-class. Inquiry of every person appellant or his attorneys met, or had an opportunity to interview, might not have disclosed this newly-discovered evidence as to where— not appellant, but Joplin—was at the time he (Joplin) claims to have seen the larceny committed. And if it be true that appellant did not steal the cotton, he could not, by any possibility, have known the time when Joplin would testify that he saw the crime committed.

The testimony shows a long-standing and deep-seated enmity between appellant and Joplin; but proof of that fact would not be newly-discovered evidence. This was a fact which was known, and could have been, and, in fact, was proved, at the trial. But the testimony of the five affiants relates to a matter of newly-discov-

ered evidence which no reasonable diligence could have discovered before the trial.

We conclude, therefore, that a new trial should have been granted on account of this newly-discovered evidence; and for the error committed in refusing to grant that motion the judgment will be reversed and a new trial ordered.