Alfred D. HARKNESS *v.* STATE of Arkansas

CR 80-188                                        609 S.W. 2d 35

Supreme Court of Arkansas
Opinion delivered December 15, 1980

E. *Alvin Schay*, State Appellate Defender, by: *Deborah R. Sallings*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Alfred D. Harkness's conviction in February, 1978, of burglary and attempt to commit rape was reversed by us in *Harkness* v. *State*, 267 Ark. 274, 590 S.W. 2d 277 (1979). Harkness was retried on the charges of burglary and attempt to commit rape. He was found guilty and sentenced to five years on the burglary charge and twenty years on the charge of attempted rape, with the sentences to run consecutively.

On appeal, Harkness's only argument of error is that the trial court erred in refusing to allow voir dire of the jurors following a two-day break in their deliberations. We find no merit to the argument and affirm the judgment.

After deliberating, the jury reported it had some difficulty with the verdict. The trial judge said that he would be outside the county for two days and would allow the jury a two-day recess. The defendant made no objection to the impending separation. Prior to the recess, the court admonished the jury not to discuss the case among themselves or with anyone else and "not to read anything in the newspapres about the case, or listen to any radio or television reports concerning the case nor permit anyone to read any news report to you regarding the case."

When court reconvened, the judge questioned the jurors as a body, making certain that none of them had ready any newspaper accounts or articles concerning the trial of the case and that they had not permitted anyone to read such articles to them. The attorney for Harkness made a motion that he be allowed to question the individual jurors further. He simply argued there might be a possibility of prejudice from publicity or discussion of the case with others. The motion

was denied. There was no mention made of specific newspaper articles that might have been seen by the jurors, and there was no showing of prejudice.

We do not find the court abused its discretion since the jurors had been admonished before the separation not to read newspaper accounts of the trial or case and, after reconven-: ing, the judge asked the jurors twice whether they had read any articles concerning the case. As the Minnesota Supreme Court stated in *State* v. *De Zeler*, 230 Minn. 39, 41 N.W. 2d 313 (1950):

> When a jury has been clearly admonished not to do a certain act, the mere opportunity to violate the admonition, without a vestige of proof of its violation, provides no basis upon which a court of review can find that the trial court has abused its discretion in refusing to investigate the jury for such possible misconduct. As an essential of a fair and impartial trial, there is no presumption that the jury is likely to take advantage of every opportunity to disregard the cautionary instructions of the court.

The original decision to allow the jury to separate was within the court's discretion as stated in Ark. Stat. Ann. § 43-2121 (Repl. 1977). The burden was upon the defendant to show that the jury had been improperly influenced during the time that they were apart. *Swagger* v. *State*, 228 Ark. 51, 305 S.W. 2d 682 (1957); *Reeves* v. *State*, 84 Ark. 569, 106 S.W. 945 (1907). In his motion for a new trial, Harkness offered two newspaper articles that he claims could have influenced the jury during the separation. These were not presented to the trial court at the time the jury reconvened. The court was justified in assuming that, without a specific showing of misconduct by the jury, no prejudice resulted to the defendant. This is true even though the jury later reached a verdict of guilty. *Johnson* v. *State*, 190 Ark. 979, 82 S.W. 2d 521 (1935).

The decision of the trial court is affirmed.

Affirmed.

PURTLE, J., dissents.