Steele Hays, Justice.
 

 On August 9, 1980, Tammy Sherman was robbed as she was leaving Hudson’s Fish Market where she worked. Moments later she was shot twice as she attempted to go back inside the market. Appellant, Sam Harshaw, was tried and convicted of aggravated robbery and first degree battery for his participation in the crime, receiving concurrent sentences of fifty and twenty years. Appellant alleges three errors by the trial court. We disagree with the arguments and affirm the judgment.
 

 First, appellant contends the court erred in denying his motion for a directed verdict on the aggravated robbery charge, claiming there was no evidence linking him with the robbery. The State’s evidence showed Tammy Sherman got off work at 9 p.m. When she reached her car, Ronnie Dokes and two other men approached her and demanded her money. At gun point Dokes took her purse and a sack of bread and the three men left. Tammy Sherman walked a few steps toward the market to report the robbery when she saw Sam Harshaw, whom she knew, crouched behind another vehicle. He stood up, told her he had a gun and to “get back.” Ms. Sherman ignored Harshaw’s warning telling her he would have to shoot her. As she turned to walk on, Harshaw shot her first in the hand and then in the back, inflicting a permanent paralysis from the waist down.
 

 The evidence of Harshaw’s identification is positive and unequivocal. Mr. Bert Mitchell testified that a few minutes before the robbery he saw Harshaw and three other men standing near the door of the market. Mitchell knew Harshaw and spoke to him as he passed.
 

 The State’s evidence linking Harshaw to the aggravated robbery is entirely circumstantial, but that does not preclude a finding he was involved in the robbery. Harshaw was placed at the scene immediately before and after the robbery. His conduct is unexplainable except in connection with the robbery. The only plausible inference is that Harshaw was hiding a few feet away during the robbery and when he was recognized by the victim he shot her to give his companions and himself time to get away from the scene. In Darville v. State, 271 Ark. 580, 609 S.W. 2d 50 (1980), we said:
 

 We have often stated the rules in regard to circumstantial evidence that where circumstantial evidence alone is relied upon, it must exclude every other reasonable hypothesis but the guilt of the accused. Hurst v. State, 251 Ark. 40, 470 S.W. 2d 815 (1971); Ayers v. State, 247 Ark. 174, 444 S.W. 2d 695 (1969). The question whether circumstantial evidence excludes every other reasonable hypothesis other than the guilt of the accused is usually one for the jury. Abbott v. State, 256 Ark. 558, 508 S.W. 2d 733 (1974); Smith v. State, 264 Ark. 874, 575 S.W. 2d 677 (1979). The jury is permitted to draw any reasonable inference from circumstantial evidence to the same extent it can from direct evidence. It is only when circumstantial evidence leaves the jury solely to speculation and conjecture that it is insufficient as a matter of law and the test is whether there was substantial evidence to support the verdict when viewing the evidence in the light most favorable to the state. Upton v. State, 257 Ark. 424, 516 S.W. 2d 904 (1974); and Abbott v. State, supra. (At 581.)
 

 In Upton v. State, 257 Ark. 424, 516 S.W. 2d 904 (1974), we said:
 

 When circumstantial evidence rises above suspicion and is properly connected, and when, viewing that evidence in the light most favorable to the state, the jury is not left to speculation and conjecture alone in arriving at its conclusions, it is basically a question for the jury to determine whether the evidence excludes every other reasonable hypothesis. Ledford v. State, 234 Ark. 226, 351 S.W. 2d 425; O'Neal v. State, 179 Ark. 1153, 15 S.W. 2d 976; Caradine v. State, 189 Ark. 771, 75 S.W. 2d 671. See also Walker v. State, 174 Ark. 1180, 298 S.W. 20; 30 Am. Jur. 2d 295, Evidence § 1125. It is only every other reasonable hypothesis, not every hypothesis, that must be excluded by the evidence. Bartlett v. State, 140 Ark. 553, 216 S.W. 33; Bost v. State, 140 Ark. 254, 215 S.W. 615. See also, Walker v. State, supra. The jury certainly should test the reasonableness of any other hypothesis. (At 433.)
 

 The pertinent sections of the Criminal Code on this issue state:
 

 41-2102. Aggravated robbery. — (1) A person commits aggravated robbery if he commits robbery as defined in section 2103 [§ 41-2103] and he:
 

 (a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or
 

 (b) inflicts or attempts to inflict death or serious physical injury upon another person.
 

 41-2103. Robbery. — (1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.
 

 Under the due process clause of the Fourteenth Amendment, the State must, of course, prove each element of a crime beyond a reasonable doubt. In Re Winship, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); Harkness v. State, 267 Ark. 274, 590 S.W. 2d 277 (1979); Peals v. State, 266 Ark. 410, 584 S.W. 2d 1 (1979). However, an element may be inferred by circumstantial evidence where there is no other reasonable explanation for the accused’s conduct.
 

 No explanation was offered for the shooting of Ms. Sherman and no other reasonable hypothesis exists except that it was connected to the robbery. Harshaw’s defense was based on a denial he was present at the robbery or at the shooting. Where common sense will allow no other reasonable conclusion to be drawn from the evidence but that the accused was involved in the robbery the denial of a motion for a directed verdict cannot be regarded as error.
 

 Second, Mr. Harshaw argues the trial court erred in allowing the State to call Dr. Stephenson Flannagin to testify as to Mrs. Sherman’s injuries. Harshaw offered to stipulate as to the injuries Ms. Sherman sustained. He contends the doctor’s testimony was cumulative evidence and the only purpose for introducing it was to inflame the jury. However, the record does not reveal any objection to Dr. Flannigan’s testimony based on prejudice or its inflammatory nature. (Tr. 125.) Harshaw cites the case of Lee v. State, 266 Ark. 870, 587 S.W. 2d 78 (Ark. App. 1979), to support this contention, but there are differences. In Lee, the appellant was charged with three counts of manslaughter stemming from an auto accident. Dr. Jorge Johnson was allowed to testify in detail about the victim’s unsuccessful, agonizing four-day struggle to survive though Lee had conceded the cause of death. Dr. Flannigan’s testimony, unlike Dr. Johnson’s, was only a brief and general description of Ms. Sherman’s injuries and the permanent effect of her paralysis. His testimony was relevant to show an element of the aggravated robbery — the infliction or intent to inflict death or serious injury to another. Ark. Stat. Ann. § 41-2102. Whether the probative value of relevant evidence is outweighed by any prejudice it may produce is for the trial court to determine. Rule 403, Arkansas Uniform Rules of Evidence.
 

 Finally, Harshaw contends the trial court erred in admitting testimony of acts committed by Dokes and the other two. For the reasons already stated, we conclude there was evidence linking Harshaw to the robbery and, therefore, that testimony is relevant to Harshaw. Generally, all evidence that is relevant is admissible. Arkansas Uniform Rules of Evidence 401, 402; Ark. Stat. Ann. § 28-1001 (Repl. 1978). The evidence was also admissible because it established a link in the entire criminal transaction of the offense charged. In Russell and Davis v. State, 262 Ark. 447, 559 S.W. 2d 7 (1977), we stated:
 

 . . . when acts are intermingled and contemporaneous with one another, evidence of any or all of them is admissible to show the circumstances surrounding the whole criminal episode. (At 452.)
 

 The judgment on the sentences is affirmed.